20 F.3d 512
 MARTY'S ADULT WORLD OF ENFIELD, INC.; G & S Realty, Inc., Appellants,
v.
The TOWN OF ENFIELD, CONNECTICUT; Wayne Bickley,
Individually and as Zoning Enforcement Officer for
the Town of Enfield; the Town of
Enfield Planning & Zoning
Commission, Appellees.
 No. 1141, Docket 93-7921.
 United States Court of Appeals,
Second Circuit.
 Argued March 15, 1994.
Decided March 28, 1994.
 
 Daniel A. Silver, New Britain, CT, for appellants.
 Christopher W. Bromson, Windsor Locks, CT, for appellee Town of Enfield.
 Margery Weir Smith, Enfield, CT, for appellees Wayne Bickley and the Town of Enfield Planning & Zoning Com'n.
 Before: TIMBERS and McLAUGHLIN, Circuit Judges, and RONEY, Circuit Judge of the United States Court of Appeals for the Eleventh Circuit, sitting by designation.
 TIMBERS, Circuit Judge:
 
 
 1
 Marty's Adult World of Enfield, Inc. (Marty's) and G & S Realty, Inc. (G & S) appeal from an order entered in the District of Connecticut, Alfred V. Covello, District Judge, denying appellants' motion for a preliminary injunction in an action seeking a declaratory judgment.
 
 
 2
 The court held that appellants were unable to demonstrate either probable success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation on their claim that certain zoning regulations of appellee Town of Enfield infringe appellants' right to freedom of speech guaranteed by the First and Fourteenth Amendments.
 
 
 3
 On appeal, appellants contend that Enfield's special use permit requirement is an unconstitutional licensing scheme and that Enfield's zoning regulations are void for vagueness.
 
 
 4
 We affirm.
 
 I.
 
 5
 We summarize only those facts and prior proceedings believed necessary to an understanding of the issues raised on appeal.
 
 
 6
 Marty's operates an adult bookstore in a building owned by G & S located in Enfield's Business Local District. Marty's and G & S are separate legal entities but are owned by the same two individuals. Marty's has operated an adult bookstore at the same location for approximately 15 years. Enfield's zoning regulations provide that businesses located in the Business Local District must obtain a special use permit before operating any commercial recreational use. Enfield Code Sec. 11-1.1.1.
 
 
 7
 At some time after 1984, Marty's added 28 to 30 video booths that exhibit sexually explicit films. Since this addition constituted a change in use, Marty's was required to obtain a special use permit. It never applied to Enfield's Planning and Zoning Commission for a special use permit. The Commission did not learn of Marty's booths until the Fall of 1991. At that time a competitor of Marty's complained that the Commission had required the competitor, but not Marty's, to obtain a special use permit for its viewing booths. On the basis of this complaint, zoning officials inspected Marty's and discovered its viewing booths. Since Marty's had carried out the construction and change in use without obtaining a special use permit, the Commission cited Marty's for building code and zoning violations.
 
 
 8
 On October 7, 1991, the Commission ordered Marty's to discontinue use of the viewing booths. G & S then applied to the Commission for a special use permit. On March 26, 1992, the Commission held a public hearing concerning G & S's application. At the close of the public hearing, the Commission denied the application because Marty's lacked sufficient parking. G & S unsuccessfully appealed this order to the Connecticut Superior Court.
 
 
 9
 In April 1993, the Commission commenced an injunction action against G & S to enforce the October 7, 1991 order. Appellants then commenced this declaratory judgment action in the United States District Court. They filed a motion for a preliminary injunction challenging the constitutionality of Enfield's zoning regulations. On August 5, 1993, the court entered an order denying appellants' motion for a preliminary injunction. The court held that appellants were unable to demonstrate either probable success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation.
 
 
 10
 On appeal, appellants contend (1) that Enfield's special use permit requirement is an unconstitutional licensing scheme and (2) that Enfield's zoning regulations are void for vagueness.
 
 II.
 
 11
 A party seeking a preliminary injunction must establish:
 
 
 12
 "possible irreparable injury and either (1) probable success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief".
 
 
 13
 Caulfield v. Board of Education, 583 F.2d 605, 610 (2 Cir.1978).
 
 
 14
 In its comprehensive, well-reasoned opinion, the district court here held that appellants had not demonstrated either probable success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation. On appeal, appellants challenge the court's conclusions of law in reaching this holding. We review de novo the court's conclusions of law in denying the preliminary injunction. Disabled American Veterans v. United States Dep't of Veterans Affairs, 962 F.2d 136, 140 (2 Cir.1992).
 
 
 15
 (A) FIRST AMENDMENT STANDARD OF REVIEW
 
 
 16
 Appellants contend that the court erred in analyzing Enfield's special use permit requirement under the deferential standard of review applicable to content-neutral time, place, and manner regulations rather than the strict scrutiny standard applicable to licensing schemes. According to appellants, the requirement that retail businesses obtain a special use permit before they may conduct a commercial recreation use is unconstitutional in that it is a licensing scheme not narrowly tailored to serve a compelling government interest and lacking the procedural safeguards required by Freedman v. Maryland, 380 U.S. 51, 58-59, 85 S.Ct. 734, 738-39, 13 L.Ed.2d 649 (1965). We reject appellants' contention.
 
 
 17
 The special use permit requirement that Marty's challenges is a content-neutral time, place, and manner regulation, not a licensing scheme. The special use permit requirement applies to a change in use from retail to entertainment regardless of the content of the films in Marty's booths. It therefore is content-neutral. The special use permit requirement also is a time, place, and manner regulation, since Marty's could operate elsewhere in Enfield without obtaining a special use permit. City of Renton v. Playtime Theatres, Inc., 475 U.S. 41, 46, 106 S.Ct. 925, 928, 89 L.Ed.2d 29 (1986) (where a zoning ordinance does not ban an activity altogether, it should be analyzed as a time, place, and manner regulation); Schad v. Borough of Mount Ephraim, 452 U.S. 61, 75-76, 101 S.Ct. 2176, 2186-87, 68 L.Ed.2d 671 (1981).
 
 
 18
 Appellants also contend that the court erred in holding that Enfield's zoning regulations enable Marty's to conduct its viewing booth business in Enfield's Business Regional District without a special use permit. Appellants point out that "[a]ll uses within the Business Regional District require review and approval by the Enfield Planning and Zoning Commission". Enfield Code Sec. 11-5.1. Appellants assert that, since they are required to obtain discretionary zoning approval in all of Enfield's zoning districts, the special use permit requirement is not a time, place, and manner restriction. We disagree.
 
 
 19
 The court correctly held that Marty's is permitted to conduct its viewing booth business in Enfield's Business Regional District without obtaining a special use permit. Section 11-5.1 must be read together with Secs. 11-5.2, et seq., which list the permitted uses in the Business Regional District. Since Enfield expressly permits a viewing booth business to operate in the Business Regional District, Sec. 11-5.2.7 (permitting indoor theaters), the Commission could not deny approval simply because appellants wish to operate such a business. The Commission could reject appellants only if they ran afoul of other zoning requirements. The "review and approval" provision of Sec. 11-5.1 does not prevent the Business Regional District from being an alternative avenue of expression where appellants need not obtain discretionary zoning approval. Schad v. Borough of Mount Ephraim, supra, 452 U.S. at 75-76, 101 S.Ct. at 2186-87.
 
 
 20
 Since Enfield's special use permit requirement is not a licensing scheme, it need not withstand strict scrutiny and need not provide the procedural safeguards required by Freedman v. Maryland, supra, 380 U.S. at 58-59, 85 S.Ct. at 738-39. Instead, the special use permit requirement must satisfy the standard of review applied to content-neutral time, place, and manner regulations. The Supreme Court has held that such regulations are acceptable so long as they (1) serve a substantial government interest, and (2) do not limit unreasonably other alternative avenues of communication. Schad v. Borough of Mount Ephraim, supra, 452 U.S. at 75-76, 101 S.Ct. at 2186-87. The special use permit requirement satisfies both prongs of the Schad test.
 
 
 21
 First, Enfield has a substantial interest in requiring business owners to provide adequate parking for their customers and in requiring businesses to seek approval for new construction and for changes in use in the Business Local District. "[A] 'city's interest in attempting to preserve the quality of urban life is one that must be accorded high respect' ". City of Renton v. Playtime Theatres, Inc., supra, 475 U.S. at 50, 106 S.Ct. at 930 (quoting Young v. American Mini Theatres, Inc., 427 U.S. 50, 71, 96 S.Ct. 2440, 2453, 49 L.Ed.2d 310 (1976)). Enfield's special use permit requirement, which is aimed at balancing the needs of retail businesses with the needs of residents, serves that substantial state interest. The court correctly held that the special use permit requirement satisfies the first prong of the Schad test.
 
 
 22
 Second, the special use permit requirement does not limit unreasonably other alternative avenues of communication, since businesses in the Business Regional District are not required to obtain special use permits before operating viewing booths. The Supreme Court has made clear that zoning regulations that ban activities in some parts of a community but not others do not limit unreasonably other alternative avenues of communication. City of Renton v. Playtime Theatres, Inc., supra, 475 U.S. at 53-54, 106 S.Ct. at 932; Schad v. Borough of Mount Ephraim, supra, 452 U.S. at 75-76, 101 S.Ct. at 2186-87. The court correctly held that the special use permit requirement satisfies the second prong of the Schad test.
 
 
 23
 We agree with the court's decision to apply the standard of review that is applied to content-neutral time, place, and manner regulations. We also agree with the court's holding that Enfield's special use permit requirement satisfies that standard.
 
 
 24
 (B) VAGUENESS
 
 
 25
 Appellants further contend that Enfield's zoning regulations are void for vagueness. An ordinance is void for vagueness if it fails to give persons of ordinary intelligence fair notice that their contemplated conduct is proscribed by the ordinance. Fantasy Book Shop, Inc. v. City of Boston, 652 F.2d 1115, 1122-23 n. 9 (1 Cir.1981). The Commission's rejection of G & S's special use permit application was based on its finding that Marty's lacked sufficient parking. Enfield's regulations with respect to parking are sufficiently definite to give Marty's fair notice that it was violating those regulations. Id. We agree with the court's holding that Enfield's zoning regulations were not unconstitutionally vague as applied in this case.
 
 III.
 To summarize:
 
 26
 The court properly analyzed Enfield's special use permit requirement under the standard of review that is applied to content-neutral time, place, and manner regulations. It properly held that that requirement satisfied this standard. The court also properly held that Enfield's zoning regulations are not unconstitutionally vague as applied in this case. Accordingly, the court correctly held that appellants are unable to demonstrate either probable success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation.
 
 
 27
 Affirmed.