19-1420
Chen v. Wilkinson

BIA
A098 113 319

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of February, two thousand twenty-one.

PRESENT:
> DENNIS JACOBS,
> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> *Circuit Judges.*

_____

DAN LIN-CHEN, AKA DAN CHEN,
> *Petitioner,*

v.                                          19-1420
                                            NAC

ROBERT M. WILKINSON, ACTING
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*[1]

_____

FOR PETITIONER:          Richard Tarzia, Esq., Belle Mead, NJ.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Robert M. Wilkinson is automatically substituted for former Acting Attorney General Jeffrey A. Rosen as Respondent.

**FOR RESPONDENT:** Assistant Attorney General; Nancy Friedman, Senior Litigation Counsel, Margaret A. O'Donnell, Trial Attorney; Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Dan Lin-Chen, a native and citizen of the People's Republic of China, seeks review of an April 17, 2019, decision of the BIA denying her motion to reopen and reconsider. *In re Dan Lin-Chen*, No. A098 113 319 (B.I.A. Apr. 17, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006). The BIA did not abuse its discretion in denying Lin-Chen's 2018 motion as untimely either as a motion to reopen or reconsider because her removal order was final in 2007. *See* 8 U.S.C. § 1229a(c)(6) (giving 30 days from challenged decision to file motion to

2

reconsider), (7)(C)(i) (giving 90 days from final order to file motion to reopen).

Additionally, the BIA's alternate denial on the merits was correct. Lin-Chen argued that under *Pereira v. Sessions*, 138 S. Ct. 2105, 2114 (2018), the immigration court lacked jurisdiction over her removal proceedings because her notice to appear ("NTA") omitted the date and time of her initial hearing. *Pereira* held that an NTA that fails to designate the time or place of an initial hearing in removal proceeding is not a "notice to appear under section 1229(a)" and does not trigger the stop-time rule ending the noncitizen's period of continuous presence in the United States for purposes of cancellation of removal. 138 S. Ct. at 2113-20. However, Lin-Chen did not apply for cancellation of removal. Instead, she argues that *Pereira* also renders an NTA that omits this information inadequate to vest jurisdiction in the immigration court. Lin-Chen's argument is foreclosed by *Banegas Gomez v. Barr*, 922 F.3d 101, 110-12 (2d Cir. 2019), which held that an NTA that omits the date and time of the hearing is nevertheless adequate to vest jurisdiction in the immigration court as long as the noncitizen received a

subsequent hearing notice with the missing information. 922 F.3d at 110–12. Although Lin-Chen's NTA did not contain the hearing information, she received subsequent notice of her hearings and appeared at them.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court