**John W. GALL, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 92–4128.

United States Court of Appeals, Sixth Circuit.

Submitted Aug. 17, 1993.

Decided April 7, 1994.

John W. Gall (briefed), pro se.

Linda M. Betzer, Asst. U.S. Atty. (briefed), Cleveland, OH, for U.S.

Before: MERRITT, Chief Judge; JONES, Circuit Judge; and CELEBREZZE, Senior Circuit Judge.

CELEBREZZE, Senior Circuit Judge, delivered the opinion of the court, in which MERRITT, Chief Judge, joined. JONES, Circuit Judge (pp. 12–14), delivered a separate concurring opinion.

CELEBREZZE, Senior Circuit Judge.

The petitioner *pro se,* John W. Gall, appeals a district court order denying his 28 U.S.C. § 2255 motion to revise sentence. Gall avers that the district court wrongfully ordered him to pay restitution for losses arising from three crimes charged against him, which were dismissed by the government in exchange for his guilty plea to one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1).

Our review finds Gall's assertion to be well taken. Specifically, we hold: 1) a district court may order a defendant to pay restitution conditioned upon supervised release solely for crimes of which the defendant was actually charged and convicted; and 2) the government is not a victim to which a district court may order a defendant to pay restitution for the purpose of recovering drug "buy money" and other costs of investigation voluntarily paid out.

## I.

Four months after his October 2, 1989 guilty plea, the district court sentenced Gall to twenty-seven months incarceration, followed by a three year period of supervised release. The district court also ordered Gall to pay restitution to the government to recoup drug purchase money used by undercover agents as part of their investigation of all four crimes charged.

On December 30, 1991, Gall, *pro se,* petitioned the district court to revise his sentence pursuant to 28 U.S.C. § 2255,[1] claiming he was wrongfully ordered to pay restitution on allegations of crimes against him, which were dismissed by the government in exchange for his guilty plea. The district court held that Gall's restitution was properly ordered as a special condition of supervised release, not as restitution under the Victim and Witness Protection Act of 1982 ("VWPA"), 18 U.S.C. §§ 3663, 3664.[2] The

---

1. 28 U.S.C. § 2255 allows a court to vacate, set aside or correct a sentence which was imposed illegally or in contravention of the United States Constitution.

2. The VWPA was formerly codified at 18 U.S.C. §§ 3579, 3580.

18 U.S.C. § 3663 sets forth in relevant part:

(a)(1) The court, when sentencing a defendant convicted of an offense under this title or under subsection (h), (i), (j), or (n) of section 902 of the Federal Aviation Act of 1958 (49 U.S.C. 1472), may order, in addition to or, in the case of a misdemeanor, in lieu of any other penalty authorized by law, that the defendant make restitution to any victim of such offense.

(2) For the purposes of restitution, a victim of an offense that involves as an element a scheme, a conspiracy, or a pattern of criminal activity means any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern.

(3) The court may also order restitution in any criminal case to the extent agreed to by the parties in a plea agreement.

18 U.S.C. § 3664 states in part:

(a) The court, in determining whether to order restitution under section 3663 of this title and the amount of such restitution, shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate.

. . . .

(d) Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence. The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the attorney for the Government. The burden of demonstrating the financial resources of the defendant and the financial needs of the defendant and such defendant's dependents shall be on the defendant. The burden of demonstrating such other matters as the court deems appropriate shall be upon the party designated by the court as justice requires.

district court determined that the government was not a victim of Gall's crimes entitled to compensatory restitution, but rather deserved recoupment of the "buy money" government agents gave Gall during the investigation. Accordingly, the district court denied Gall's petition.

## II.

On appeal, Gall controverts the district court's denial of his motion to revise sentence. Relying on the United States Supreme Court's holding in *Hughey v. United States*, 495 U.S. 411, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990), Gall avers that the VWPA authorizes a federal court to order restitution only for losses related to an offense of conviction. The government claims that *Hughey* is inapposite to the instant case because the district court ordered restitution as a condition of supervised release pursuant to 18 U.S.C. § 3583(d) and not pursuant to the VWPA.

■ To prevail under 28 U.S.C. § 2255, a defendant must show a "fundamental defect" in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process. *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990). A reviewing court is obliged to review *de novo* denials of 28 U.S.C. § 2255 petitions, *Taylor v. United States*, 985 F.2d 844, 845 (6th Cir.1993), while examining the district court's factual findings for clear error.[3] *White v. Smith*, 984 F.2d 163, 165 (6th Cir.1993); *Warner v. United States*, 975 F.2d 1207, 1212 (6th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1314, 122 L.Ed.2d 702 (1993); *McCall v. Dutton*, 863 F.2d 454, 459 (6th Cir.1988), *cert. denied*, 490 U.S. 1020, 109 S.Ct. 1744, 104 L.Ed.2d 181 (1989); *United States v. Tucker*, 836 F.2d 334, 340 (7th Cir.1988), *cert. denied*, 488 U.S. 855, 109

S.Ct. 143, 102 L.Ed.2d 115 (1988), 490 U.S. 1105, 109 S.Ct. 3154, 104 L.Ed.2d 1018 (1989).

■ In *Hughey v. United States*, the Supreme Court held that the VWPA limits the imposition of restitution to compensate for losses arising solely from the offense of conviction and not for losses caused by other alleged criminal activities. *Hughey v. United States*, 495 U.S. at 420–422, 110 S.Ct. at 1984–85. Panels of this court have acknowledged the *Hughey* limitation in VWPA restitution cases. *See United States v. Streebing*, 987 F.2d 368, 373–374 (6th Cir.1993); *United States v. Jewett*, 978 F.2d 248, 250–251 (6th Cir.1992). The district court, in the instant case, ruled *Hughey* inapplicable to its order because the restitution was imposed pursuant to 18 U.S.C. § 3583(d) and U.S.S.G. § 5E1.1(a) as a special condition of supervised release and not pursuant to the VWPA.

18 U.S.C. § 3583(d) permits a sentencing court to order "... as a further condition of supervised release, ... any condition set forth as a discretionary condition of probation in section 3563(b)(1) through (b)(10) and (b)(12) through (b)(20), and any other condition it considers to be appropriate." 18 U.S.C. § 3563(b)(3) permits a sentencing court to order a defendant specifically to "... make restitution to a victim of the offense under sections 3663 and 3664 (but not subject to the limits of § 3663(a)) ..." as a special condition of probation. As previously noted, 18 U.S.C. § 3663 and § 3664 codify the VWPA. The limitation language of § 3663(a),[4] mandates the application of the VWPA only to offenses violating Title 18 or certain subsections of § 902 of the Federal Aviation Act of 1958. 18 U.S.C. § 3563(b)(3), the probation provision cited by the supervised release statute, however, expressly ne-

---

**3.** It must be noted that because the 28 U.S.C. § 2254 *habeas corpus* provision for state prisoners is substantially similar to the 28 U.S.C. § 2255 vacation of sentence remedy for federal prisoners, consistent standards must be applied in the review of both forms of post conviction relief. *See Davis v. United States*, 417 U.S. 333, 343–344, 94 S.Ct. 2298, 2303–2304, 41 L.Ed.2d 109 (1974); *Hill v. United States*, 368 U.S. 424, 427, 82 S.Ct. 468, 470, 7 L.Ed.2d 417 (1962); *Metheny v. Hamby*, 835 F.2d 672, 673 (6th Cir.

1987), *cert. denied*, 488 U.S. 913, 109 S.Ct. 270, 102 L.Ed.2d 258 (1988).

**4.** 18 U.S.C. § 3663(a) limits its application to defendants "... convicted of an offense under this title or under subsection (h), (i), (j), or (n) of section 902 of the Federal Aviation Act of 1958 (49 U.S.C. 1472)...." Thus, § 3663(a), *infra* note 2, does not apply to restitution as a condition of probation or supervised release.

gates this limitation where restitution is ordered as a condition of probation or supervised release. Thus, the district court, in the case at bar, had the authority to order restitution as a condition of supervised release following a 21 U.S.C. § 841(a)(1) conviction. This restitution, pursuant to the plain language of the probation provision, 18 U.S.C. § 3563(b)(3), falls squarely within the purview of the VWPA. It follows that because restitution in the instant case was ordered in accordance with the VWPA, the *Hughey* mandate, which restricts restitution orders to losses arising from offenses of conviction, must apply. Though *Hughey* was decided May 21, 1990, three months after Gall was sentenced, a panel of this court held that *Hughey* applies retroactively to sentences imposed before May, 1990. *United States v. Guardino*, 972 F.2d 682, 687, n. 7 (6th Cir. 1992).

The application of *Hughey* to the instant case is bolstered by an examination of 18 U.S.C. § 3563(b)(3) and VWPA §§ 3663(a) and 3664(a). All three provisions refer to compensation for losses to victims of "the offense." Since the *Hughey* court focused on this language in reaching its decision, it would seem the *Hughey* limitation should similarly apply to that language where ever it appears. *See Hughey v. United States*, 495 U.S. at 417–419, 110 S.Ct. at 1983–1984. Further, in construing this language, the *Hughey* court also invoked the rule of lenity as an added ground for limiting the application of the VWPA to offenses of conviction. *Hughey v. United States*, 495 U.S. at 422, 110 S.Ct. at 1985. Such lenity should also apply to the construction of the identical words in § 3563(b)(3). Finally, a panel of this court, in *United States v. Guardino*, stated its belief that the Supreme Court in *Hughey* "... strongly implied that a restitution order may not go beyond the counts of conviction under any circumstances." *United States v. Guardino*, 972 F.2d at 687.

An examination of the other provision the district court relied upon, U.S.S.G. § 5E1.1(a), likewise supports the application of *Hughey* to the instant case. U.S.S.G. § 5E1.1(a), as written at the time of Gall's sentencing in 1990, permitted a court to order restitution to the victim as a condition of supervised release, in accordance with certain provisions of 18 U.S.C. § 3663, but irrespective of the limitation language of §. 3663(a).[5] Thus, in the instant case, in imposing restitution as a condition of supervised release pursuant to U.S.S.G. § 5E1.1(a), the district court was obliged to order restitution in accordance with the provisions of the VWPA, as construed in *Hughey*. *See United States v. Daniel*, 956 F.2d 540, 543–544 (6th Cir.1992) (A panel of this court held that restitution ordered pursuant to U.S.S.G. § 5E1.1 was limited to the loss caused by the crime of which defendant was convicted).

The district court, in footnote seven of its Memorandum of Opinion, further attempted to distinguish its restitution order from VWPA restitution by stating that because 18 U.S.C. § 3663(a) limits restitution to losses arising from crimes violating Title 18, U.S.C. or 49 U.S.C. § 1472(h), (i), (j) or (n), Gall's violation of 21 U.S.C. § 841(a)(1) could not trigger its application. As we have already noted, when VWPA restitution is ordered as a condition of supervised release, 18 U.S.C. § 3583(d), by its reference to 18 U.S.C. § 3563(b)(3), explicitly declines to subject the order to the limitations of 18 U.S.C. § 3663(a). Thus, the district court erroneously stated that Gall's restitution order could not have been made pursuant to the VWPA.

The district court also relies upon a Ninth Circuit opinion, *United States v. Duvall*, 926 F.2d 875, 876 (9th Cir.1991), to conclude that *Hughey* cannot be applied to restitution

---

**5.** In 1990, U.S.S.G. § 5E1.1(a) provided in relevant part:

(a) Restitution shall be ordered for convictions under Title 18 of the United States Code or under 49 U.S.C. § 1472(h), (i), (j) or (n) in accordance with 18 U.S.C. § 3663(d), and may be ordered as a condition of probation or supervised release in any other case.

. . . .

In November 1991, U.S.S.G. § 5E1.1(a) was expanded to mandate, instead of permit, a sentencing court to impose such restitution as a condition of supervised release. See U.S.S.G. § 5E1.1(a)(2).

which is not ordered pursuant to the VWPA. The *Duvall* court declined to apply *Hughey* to restitution ordered as a condition of probation and not specifically pursuant to the VWPA. In *Duvall*, however, the court dealt with the probation terms set forth in 18 U.S.C. § 3651. 18 U.S.C. § 3651, which was repealed in 1987, permitted a court to order restitution as a condition for probation, but unlike 18 U.S.C. § 3563, made no reference to the VWPA §§ 3663 and 3664, nor their predecessors, 18 U.S.C. §§ 3579 and 3580. Thus, we find *Duvall* unpersuasive in resolving the question before us.

The district court also attempted to circumvent the *Hughey* limitation by finding Gall agreed to the restitution amount in his plea agreement.[6] 18 U.S.C. § 3663(a)(3) permits a sentencing court to order restitution " . . . to the extent agreed to by the parties in a plea agreement." Though this plea agreement language was added to the statute after the district court sentenced Gall, a panel of this court held that " . . . the version of the VWPA in effect prior to the November 1990 amendment does not authorize a district court, in reliance on a plea agreement, to order restitution for counts other than the counts of conviction." *United States v. Guardino*, 972 F.2d at 688. In any case, the entire issue in the instant case is mooted by the plea agreement itself.

The plea agreement reveals Gall pled guilty to one drug count in exchange for the dismissal of three others. The contract also acknowledges Gall's agreement to be sentenced in accordance with the federal sentencing guidelines. The agreement does not mention restitution. Thus, the plea agreement contains no express agreement by Gall to pay restitution to the government for losses arising from mere allegations of crimes of which he was not convicted.

For the foregoing reasons, we hold the district court erred by ordering Gall to pay restitution for losses arising from the mere allegations of crimes of which he was not convicted.

III.

■ The question remains whether the district court properly imposed restitution on the defendant in this case.

As was previously noted, the district court, on page eight of its Memorandum of Opinion, ordered Gall's restitution pursuant to 18 U.S.C. § 3583 and U.S.S.G. § 5E1.1(a). We have already concluded that the restitution provision, 18 U.S.C. § 3583(d), via its reference to 18 U.S.C. § 3563(b)(3), requires restitution to conform with provisions of the VWPA, notwithstanding the limitations set forth in § 3663(a). U.S.S.G. § 5E1.1(a)(2) similarly requires a sentencing court to impose restitution in conformity with the VWPA. We must now determine whether restitution to the government for investigation costs is authorized pursuant to the VWPA.

Each of the aforementioned statutes, by its explicit terms and/or reference to the VWPA, provides for restitution to the victims of the crime(s) of conviction. Thus, for the district court to have properly ordered restitution for Gall's one count conviction, it must be established that the government in this case was a victim of Gall's crime. This court has recently held it possible, in certain circumstances, for the government to be a victim for purposes of the VWPA. *Ratliff v. United States*, 999 F.2d 1023, 1027 (6th Cir.1993). *See also, United States v. Clark*, 957 F.2d 248, 253–254 (6th Cir.1992) (Court found restitution to FBI was limited to the amount of loss it sustained from defendant's theft or attempted theft of two of its automobiles). In the instant case, however, the district court, at page nine of its opinion, specifically found that the government was not a victim of Gall's crime:

> Gall's restitution sentence involved the recoupment of "buy money" given to Gall by undercover agents as part of their investigation. The Government was not a "victim" of Gall's criminal acts: the court ordered Gall to refund the Government monies that it gave Gall as part of its investi-

6. On page 7 of the district court's Memorandum of Opinion, the court states: "Gall's restitution order is part of a sentence ordered pursuant to a plea agreement between the Government and Gall. Therefore, Gall agreed to the amount of restitution in his deal with the Government."

gation of Gall's criminal activities not as reparations for damages caused by his criminal acts.

As was previously noted, in reviewing the denial of a 28 U.S.C. § 2255 petition, this court is obliged to review a district court's factual findings for clear error. *White v. Smith*, 984 F.2d at 165; *Warner v. United States*, 975 F.2d at 1212; *McCall v. Dutton*, 863 F.2d at 459; *United States v. Tucker*, 836 F.2d at 340. We find no evidence that the district court's finding is erroneous. Thus, in light of the district court's correct determination that the government was not a victim of Gall's crime, we find the district court erred by ordering Gall to pay restitution to the government. Further, we note that such investigative costs are not losses, but voluntary expenditures by the government for the procurement of evidence. It is settled in this circuit that where, as here, a restitution award is based solely on the costs of the government's investigation and prosecution of the defendant, it is not a direct loss resulting from defendant's illegal conduct for which restitution may be awarded pursuant to the VWPA. *Ratliff v. United States*, 999 F.2d at 1027.

## IV.

For the foregoing reasons, the district court's order denying Gall's petition to revise sentence is hereby REVERSED and RE-MANDED for proceedings consistent with this opinion.

NATHANIEL R. JONES, Circuit Judge, concurring.

I join the majority opinion, but I write separately to address a recent development

in the Seventh Circuit. In *United States v. Daddato*, 996 F.2d 903 (7th Cir.1993), the court addressed the same issue that is presently before us, namely the issue of whether the government is entitled to restitution of drug buy money spent investigating a criminal defendant, as a condition of supervised release under 18 U.S.C. § 3583. The court recognized that the VWPA does not authorize restitution for buy money, but found that § 3583 provides a basis for such restitution that is not found in the VWPA:

> The statute governing supervised release empowers the sentencing judge to impose as a condition of such release any condition authorized as a discretionary condition of probation plus "any other condition it considers to be appropriate." 18 U.S.C. § 3583(d). Obviously the language is broad enough to encompass the requirement that the defendant make good the government's "buy money".

996 F.2d at 904. The court admitted that returning buy money to the government is not "classic restitution" in that the government, far from being a victim, eagerly tendered the money so that the defendant would incriminate himself. *Id.* at 905. Rather, the court regarded the return of the government's buy money as a condition of release akin to requiring community service—"for the benefit of the community but not necessarily for the benefit of the victims of his crime." *Id.*[1]

Thus the *Daddato* court focussed on the catch-all phrase in § 3583(d)—"and any other condition [the court] considers to be appropriate." It apparently overlooked, however, the fact that this catch-all phrase is expressly limited by subsections (d)(1), (2), and (3).[2] Under § 3583(d)(2) in particular, a

---

[1] The *Daddato* court stated that *Hughey* was "overruled" by the 1990 amendments to the VWPA. *Id.* I disagree. The legislative history of the 1990 amendments does not so much as mention *Hughey*. H.R.Rep. No. 681, 101st Cong., 2d Sess. 177 (1990), *reprinted in* 1990 U.S.C.C.A.N. 6472, 6583. The 1990 amendments did expand the definition of "victim" for the purposes of awarding restitution, *see* § 3663(a)(2), and limited the effect of *Hughey* where the amount of restitution is expressly agreed to in a plea agreement, *see* § 3663(a)(3), but the basic rule of *Hughey* still survives intact. Indeed, the rule is somewhat fortified, insofar as

Congress has addressed the issue since *Hughey* was decided, and has chosen to change the rule so little.

[2] Section 3583(d) provides, in pertinent part:

> The court may order, as a further condition of supervised release, to the extent that such condition—
> (1) is reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D);
> (2) involves no greater deprivation of liberty than is reasonably necessary for the pur-

sentencing judge can only order additional "appropriate" conditions of supervised release that "involve no greater deprivation of liberty than is reasonably necessary" for the purposes of: (1) affording adequate deterrence to criminal conduct; (2) protecting the public from further crimes of the defendant; and (3) providing the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.[3]

Ordering a criminal defendant, as a condition of supervised release, to repay the government's buy money or other investigating costs, deprives the defendant of liberty during the period of supervised release, yet does not advance any of these three purposes; such an order neither deters criminal conduct, nor does it protect the public from further crimes, nor does it provide any educational, vocational, medical, or correctional benefit to the defendant. Indeed, such a deprivation of liberty during the supervised release period could actually encourage the defendant to commit further crimes as a means of repaying such an onerous financial burden.

For this reason, I reject the reasoning of *Daddato,* and emphasize that a trial court can no more order the repayment of the government's buy money under the catch-all phrase of § 3583(d) than it could under the VWPA.

poses set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and

(3) is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a);

any condition set forth as a discretionary condition of probation in section 3563(b)(1) through (b)(10) and (b)(12) through (b)(20), and any other condition it considers to be appropriate.

Section 3553(a) provides, in pertinent part:

The court, in determining the particular sentence to be imposed, shall consider—

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

\* \* \* \* \* \*

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

3. § 3553(a)(2)(B), (C), and (D) (quoted *supra* note 2).