47 F.3d 1169
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald William MORGAN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-1486.
 United States Court of Appeals, Sixth Circuit.
 Jan. 24, 1995.
 
 Before: ENGEL, NORRIS and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Ronald William Morgan appeals a district court judgment that denied a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. Sec. 2255. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed. R. App. P. 34(a).
 
 
 2
 In the midst of his criminal trial, Morgan pleaded guilty to one count of conspiring to possess cocaine for intended distribution, in violation of 21 U.S.C. Secs. 841 and 846. On March 16, 1992, he was sentenced to a $10,000 fine, 70 months of imprisonment and 4 years of supervised release. His conviction and sentence were affirmed by this court on direct appeal.
 
 
 3
 In his Sec. 2255 motion, Morgan alleged that he was not competent to enter a valid guilty plea, that the prosecution had access to privileged materials regarding his defense and that he was denied the effective assistance of counsel. The district court denied his motion on April 11, 1994, and it is from this judgment that Morgan now appeals.
 
 
 4
 The denial of a Sec. 2255 motion is reviewed de novo on appeal, although the district court's factual findings will be accepted unless they are clearly erroneous. Gall v. United States, 21 F.3d 107, 109 (6th Cir. 1994). To prevail under Sec. 2255, Morgan must demonstrate a fundamental defect in the proceedings which resulted in a complete miscarriage of justice or an error so egregious that it violated his right to due process. See id.
 
 
 5
 Morgan alleged that his guilty plea was invalid because he was under the influence of narcotics and prescription drugs when it was entered. To obtain collateral relief, Morgan must show cause that would excuse his failure to raise this claim on direct appeal and actual prejudice from the error that he now alleges. See Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir. 1993). Morgan has not made any attempt to establish cause, and his failure to do so independently precludes review of this claim on the merits. See McCleskey v. Zant, 499 U.S. 467, 502 (1991). Nevertheless, we note that Morgan did not suffer actual prejudice from the alleged error. The district court properly determined that it had not erred by accepting Morgan's plea without making a specific inquiry as to whether he was intoxicated. Such an inquiry is not required under Fed. R. Crim. P. 11(c), and there is no indication in the re-arraignment transcript that Morgan was incompetent or under the influence of drugs.
 
 
 6
 Morgan alleged that the prosecution interfered with his relationship with his attorney because it had access to privileged materials belonging to the defense. These materials were seized from Morgan during a traffic stop several months after his initial arrest. Once again, Morgan must show cause and prejudice that would excuse his failure to present this argument on direct appeal. As indicated above, his failure to make any showing regarding cause precludes review of this claim on the merits. Moreover, Morgan was not prejudiced by the alleged error because he waived all prior non-jurisdictional defects when he entered a valid and unconditional guilty plea to the conspiracy charge. See Tollett v. Henderson, 411 U.S. 258, 267 (1973).
 
 
 7
 To establish ineffective assistance of counsel, Morgan must show that his attorney's performance was deficient and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." See Hill v. Lockhart, 474 U.S. 52, 59 (1985). Morgan alleged that his counsel did not move to suppress the materials that were seized from his car, that counsel misadvised him that he could be impeached with these materials and that counsel misadvised him regarding the viability of an entrapment defense. These allegations do not satisfy the test that was announced in Hill.
 
 
 8
 Counsel was not ineffective despite his failure to move for suppression of the seized materials because the prosecution had agreed not to use them and had abided by this agreement in its case in chief. Privileged material may be inadmissible for impeachment purposes, but Morgan was not prejudiced by counsel's alleged error because he pleaded guilty without taking the stand. See United States v. Steele, 727 F.2d 580, 586-87 (6th Cir.), cert. denied, 467 U.S. 1209 (1984). By pleading guilty, Morgan obtained the dismissal of two other charges, a two level reduction for acceptance of responsibility and a 78 month cap on his sentence.
 
 
 9
 It was not incompetent for counsel to pursue an entrapment defense in the absence of any other viable defense, even though his alleged strategy would have extended the defense as it has been allowed in this circuit. See United States v. McLernon, 746 F.2d 1098, 1108-09 (6th Cir. 1984). Moreover, counsel's alleged advice to Morgan regarding the trial court's refusal to instruct the jury on derivative entrapment was not ineffective, as it merely conveyed counsel's prediction regarding the court's ruling.
 
 
 10
 Morgan now argues that the district court erred by not holding an evidentiary hearing on his claims. However, the district court did not abuse its discretion here because Morgan has not identified specific facts that would provide a basis for relief if they were proven at a hearing. See Hill, 474 U.S. at 60.
 
 
 11
 Accordingly, the district court's judgment is affirmed.