82 F.3d 418
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ethel Lorraine PHILLIPS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3823.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1996.
 
 1
 Before: MERRITT, Chief Judge; MILBURN, Circuit Judge, and ZATKOFF, District Judge.*
 
 ORDER
 
 2
 Ethel Lorraine Phillips appeals pro se from a district court judgment that denied a motion to vacate, set aside or correct her sentence under 28 U.S.C. § 2255. Her case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Phillips pleaded guilty to conspiring to possess 15 kilograms of cocaine for intended distribution, a violation of 21 U.S.C. §§ 841(a)(1) and 846. On April 9, 1992, the district court sentenced her to 168 months of imprisonment and 10 years of supervised release. Phillips did not appeal her conviction or sentence.
 
 
 4
 In her motion to vacate, Phillips alleged that: 1) her trial counsel was ineffective; 2) her base offense level was incorrectly calculated; and 3) she was a minor or minimal participant in the conspiracy. A magistrate judge filed a report recommending that the motion be denied. The district court adopted the magistrate judge's recommendation over Phillips's objections, and dismissed the case on July 18, 1995. It is from this judgment that she now appeals.
 
 
 5
 The denial of a § 2255 motion is reviewed de novo on appeal, although the district court's factual findings will be accepted as true unless they are clearly erroneous. Gall v. United States, 21 F.3d 107, 109 (6th Cir.1994). In order for Phillips to prevail, the record must reflect a fundamental defect in the proceedings that results in a complete miscarriage of justice or an egregious error that violates due process. See id.
 
 
 6
 To establish the ineffective assistance of counsel, Phillips must show that her attorney's performance was deficient and that she was prejudiced by counsel's alleged errors. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Insofar as she challenges the validity of her plea, Phillips must show that there is a reasonable probability that she would not have pleaded guilty and would have insisted on going to trial, but for counsel's alleged errors. See Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 7
 Phillips first argues that her counsel was ineffective because he advised her to accept a plea agreement which included a waiver of her right to appeal. However, the agreement also provided that the government would recommend a departure from the applicable sentencing guideline range, and the recommended sentence represented a significant departure below the statutory minimum. The government also agreed to move for the dismissal of the only other count in the indictment. Counsel's performance was not constitutionally deficient under these circumstances, as he substantially reduced Phillips's sentence by negotiating the agreement. The failure to show that her counsel's performance was deficient independently defeats Phillips's first Sixth Amendment argument. See Strickland, 466 U.S. at 687.
 
 
 8
 We note, nonetheless, that Phillips has not met her burden of establishing prejudice. As indicated above, Phillips obtained a significant benefit by entering into the disputed plea agreement. Moreover, Phillips's signature on the agreement indicates that she was making a knowing and voluntary waiver of her rights. The trial judge also carefully explained the provisions of the plea agreement and the rights that Phillips was waiving before accepting her plea. Phillips stated that she was satisfied with her attorney's performance, that she had signed the plea agreement voluntarily and that she accepted all of its terms. Thus, Phillips has not met her burden of showing that she would have insisted on going to trial if counsel had given her different advice regarding the waiver of her right to appeal. See Hill, 474 U.S. at 60.
 
 
 9
 Phillips also maintains that her attorney should have argued that she could not have foreseen the amount of drugs involved in the conspiracy. However, Phillips concedes that she had acted as a drug courier on several previous occasions, and she agreed with the prosecutor's recitation of the facts, which indicated that she was physically handling 15 kilograms of cocaine when she was arrested. Therefore, counsel's performance was not deficient despite his alleged failure to argue that all 15 kilograms were not attributable to Phillips, and it cannot reasonably be argued that Phillips was prejudiced by counsel's alleged error.
 
 
 10
 Phillips also asserts that counsel should have argued that she was a minor or minimal participant in the conspiracy. However, the record does not indicate that Phillips was less culpable than most of the other participants in the conspiracy, as required by USSG § 3B1.2. Instead, she admitted discussing prior drug transactions over the phone and acknowledging her willingness to travel to New York to transport drugs. Phillips arrived at a prearranged meeting place with only one other individual, carrying at least some of the money that was involved in the proposed transaction, and she admitted examining and loading packages of cocaine before being arrested. Phillips also admits that she met with the confidential informant privately and that she subsequently advised her co-defendant that they would have to display the purchase money before the transaction could proceed. In light of these admissions, counsel's failure to argue that Phillips was a minor or minimal participant was not deficient, and Phillips was not prejudiced by counsel's alleged error.
 
 
 11
 Phillips must show cause that would excuse the failure to raise her remaining claims on direct appeal and actual prejudice from the errors that she has alleged. See Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Phillips now asserts that she did not file a direct appeal because her attorney advised her to waive her right to appeal by signing the plea agreement. However, as indicated above, Phillips was not denied the effective assistance of counsel in this regard. Her failure to make a sufficient showing regarding cause independently precludes review of her current motion on the merits. See Murray v. Carrier, 477 U.S. 478, 494-95 (1986). Nevertheless, we also conclude that Phillips was not prejudiced by the failure to raise her second and third claims on direct appeal.
 
 
 12
 In her second claim, Phillips alleged that her base offense level was incorrectly calculated because she was not responsible for 15 kilograms of cocaine. Since Phillips did not raise this issue at sentencing, she has waived her right to assert it on appeal in the absence of plain error which affected her substantial rights. See United States v. Nagi, 947 F.2d 211, 213-14 (6th Cir.1991), cert. denied, 504 U.S. 958 (1992). The district court did not commit plain error here because Phillips's admissions at her re-arraignment indicate that she was responsible for 15 kilograms of cocaine. Moreover, the court made a significant downward departure from the statutory minimum and the applicable guideline range. Hence, Phillips was not prejudiced by the alleged error in calculating the amount of cocaine attributable to her. See United States v. Critton, 43 F.3d 1089, 1099 (6th Cir.), cert. denied, 115 S.Ct. 1987 and 2004 (1995); United States v. Hodges, 935 F.2d 766, 774 (6th Cir.), cert. denied, 502 U.S. 889 and 915 (1991).
 
 
 13
 In her third claim, Phillips alleged that her sentence was incorrectly calculated because she was a minor or minimal participant in the conspiracy. Phillips also failed to raise this argument at sentencing, and she has waived her right to assert it on appeal in the absence of plain error. See Nagi, 947 F.2d at 213-14. The district court did not commit plain error in this regard, as Phillips did not meet her burden of showing that she was a minor or minimal participant by a preponderance of the evidence. See id. at 214-15; Hodges, 915 F.2d at 774-75.
 
 
 14
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation