89 F.3d 833
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael K. HEBEKA, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3773.
 United States Court of Appeals, Sixth Circuit.
 June 6, 1996.
 
 Before: KENNEDY and BOGGS, Circuit Judges; RUSSELL, District Judge.*
 ORDER
 Michael K. Hebeka appeals pro se from a district court judgment that denied a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. His case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 Hebeka pleaded guilty to arson and mail fraud, violations of 18 U.S.C. §§ 844(i) and 1341. On March 12, 1993, the district court sentenced him to 40 months of imprisonment and three years of supervised release. Hebeka did not file a direct appeal.
 In his § 2255 motion, Hebeka alleged that he was erroneously found to be a leader or organizer under USSG § 3B1.1 and that he was entitled to a reduction in his offense level for acceptance of responsibility under USSG § 3E1.1. The district court dismissed the case on June 5, 1995. It is from this judgment that Hebeka now appeals, moving for pauper status on appeal.
 We review the denial of a § 2255 motion de novo, although we accept the district court's factual findings as true unless they are clearly erroneous. Gall v. United States, 21 F.3d 107, 109 (6th Cir.1994). In order for Hebeka to prevail, the record must reflect a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error that violated due process. See id. In addition, Hebeka must show cause and prejudice that would excuse the failure to raise his current claims on direct appeal. See Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Hebeka has not made any attempt to establish cause, and his failure to satisfy this requirement independently precludes review of his claims. See Murray v. Carrier, 477 U.S. 478, 494-95 (1986).
 We note, nonetheless, that Hebeka has not shown the required prejudice. The district court did not commit clear error by finding that Hebeka's first claim lacked merit because Hebeka had signed a plea agreement which stipulated that he "played the role of an organizer or leader in the group so as to warrant the two level increase" envisioned by USSG § 3B1.1(c). This claim also fails because Hebeka admitted locating the arsonist and arranging for the fire to be set. See United States v. Williams, 894 F.2d 208, 214 (6th Cir.1990).
 The court properly found that Hebeka was not entitled to a reduction in his offense level for acceptance of responsibility because he had perjured himself, suborned perjury or otherwise obstructed the administration of justice. See USSG § 3E1.1, comment. (n. 4). This finding was not clearly erroneous because the parties agreed at sentencing that the obstruction of justice points were appropriate and that Hebeka was "prohibited from credit for acceptance of responsibility." See Williams, 894 F.2d at 213.
 
 
 1
 Hebeka now argues that the government violated its agreement not to seek an upward departure from the applicable sentencing guidelines range and that the district court "quadruple counted" his conduct by enhancing his offense level based on his leadership role, obstruction of justice and more than minimal planning. These claims were not clearly raised in Hebeka's § 2255 motion, and we will not consider them for the first time on appeal. See Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987).
 
 
 2
 Accordingly, Hebeka is granted pauper status for the limited purpose of filing this appeal and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation