89 F.3d 835
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Geraldine Wray POWELL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-6186.
 United States Court of Appeals, Sixth Circuit.
 June 6, 1996.
 
 1
 Before: MERRITT, Chief Judge; COLE, Circuit Judge; ECHOLS, District Judge.*
 
 ORDER
 
 2
 Geraldine Wray Powell appeals pro se from a district court judgment that denied a motion to vacate her sentence under 28 U.S.C. § 2255. Her appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Powell pleaded guilty to a superseding information that charged her with tax evasion, money laundering and embezzling credit union funds, violations of 26 U.S.C. § 7201 as well as 18 U.S.C. §§ 1956(a)(1)(A) and 657. Powell was sentenced to an aggregate term of 97 months of imprisonment and three years of supervised release as well as $5,707,779.34 in restitution. Her pro se direct appeal was dismissed as it was untimely.
 
 
 4
 In her motion, Powell alleged violations of: 1) due process; 2) the Ex Post Facto Clause; 3) double jeopardy; and 4) her right to the effective assistance of counsel. The district court adopted a magistrate judge's recommendation and dismissed the case on August 15, 1995. Powell now appeals this judgment, moving for the appointment of counsel on appeal.
 
 
 5
 We review the denial of a § 2255 motion de novo, although we will accept the district court's factual findings unless they are clearly erroneous. Gall v. United States, 21 F.3d 107, 109 (6th Cir.1994). In order for Powell to prevail, the record must reflect a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error that violated due process. See id.
 
 
 6
 The magistrate judge found that Powell had conceded that her first three claims were resolved. Powell did not challenge this finding in her objections to the magistrate judge's report. Consequently, Powell has waived her claims insofar as they are not based on the alleged ineffective assistance of counsel. See Miller v. Currie, 50 F.3d 373, 380 (6th Cir.1995). To establish the ineffective assistance of counsel, Powell must show that her attorney's performance was deficient and that she was prejudiced by counsel's alleged errors. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 7
 Powell first argues that her attorney did not move for the dismissal of the money laundering charges in her original indictment. This argument lacks merit because the indictment was dismissed as part of the plea agreement that counsel negotiated.
 
 
 8
 Powell next argues that counsel should have moved for the dismissal of the money laundering charge in the superseding information because this charge was not supported by sufficient evidence, because it was duplicitous, because it mirrored the bank fraud charge in her indictment and because it violated the Ex Post Facto Clause. A review of these allegations indicates that counsel's performance was not deficient. Powell pleaded guilty to the charges in an information, rather than the counts in an indictment, and she acknowledged an adequate factual basis for her plea. Moreover, the information logically charged Powell with laundering money that she had obtained by defrauding the credit union. Finally, the information properly charged Powell with conduct that violated the money laundering statute after it became effective.
 
 
 9
 Powell argues that counsel did not advise her that the money laundering charge in the superseding information involved $1,157,665.20, an amount that subjected her to a 97-month sentence, rather than the 60-month sentence that defense counsel had promised. The magistrate judge held an evidentiary hearing on this issue and found that the testimony of Powell's attorney was credible insofar as it indicated that he had advised Powell regarding the plea agreement and the sentence that she might receive. This factual finding was not clearly erroneous, and it indicates that counsel's performance was not deficient.
 
 
 10
 We note, nonetheless, that Powell has not shown that she was prejudiced. The superseding information charged Powell with fraudulently obtaining and laundering $1,157,665.20 of the credit union's funds in violation of 18 U.S.C. § 1956(a)(1)(A). The district court established a factual basis for Powell's guilty plea to this charge, and Powell obtained a substantial benefit by pleading guilty to the information, as the dismissal of the original indictment reduced her sentencing exposure as well as her special assessments under 18 U.S.C. § 3013. Powell stated that she was satisfied with her attorney's advice and that she did not need to consult with him further before entering her guilty plea. She also stated that she did not have any objections to the presentence investigation report ("PSI"), which also indicated that $1,157,665.20 was involved in the offense and projected a sentencing range of 78 to 97 months of imprisonment. Hence, Powell has not met her burden of showing that she would not have pleaded guilty if counsel had given her different advice regarding the plea agreement. See Hill v. Lockhart, 474 U.S. 52, 59-60 (1985). The failure to establish prejudice also independently defeats her claim. See Strickland, 466 U.S. at 687.
 
 
 11
 Powell argues that her attorney failed to ask the court for a sentence at the low end of the applicable sentencing guideline range. This argument lacks merit because the sentencing transcript shows that counsel made a general plea for leniency. Powell was not prejudiced by counsel's failure to make a more specific request, as the court plainly stated that the nature and extent of Powell's offenses mandated a sentence at the high end of the guideline range.
 
 
 12
 Powell also argues that counsel should have objected to the PSI insofar as it allowed a two-point enhancement in her offense level for abuse of trust under USSG § 3B1.3. This claim lacks merit, as Powell clearly abused her position of trust as manager of the credit union by embezzling large sums of money.
 
 
 13
 Powell argues that counsel should have objected to the PSI because it indicated the same amount of loss for money laundering as had been alleged in the bank fraud count of the original indictment. However, the PSI was consistent with the admissions that Powell made at her rearraignment, and Powell subsequently advised the court that there was nothing in the PSI that she wanted to modify or explain. It is also unlikely that the district court would have changed the PSI in light of Powell's admissions regarding the scope of her illegal activities.
 
 
 14
 Finally, Powell maintains that her attorney should have filed a direct appeal and argued that there was not a factual basis for her guilty plea to money laundering and that she did not abuse a position of trust with regard to this offense. As indicated above, counsel's failure to raise these issues on direct appeal was not deficient in a constitutional sense because they lack substantive merit. It follows that Powell was not prejudiced by counsel's failure to raise these claims on direct appeal.
 
 
 15
 Accordingly, Powell's motion for counsel is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert L. Echols, United States District Judge for the Middle District of Tennessee, sitting by designation