108 F.3d 1377
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marvin LEWIS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 96-5367, 96-5418.
 United States Court of Appeals, Sixth Circuit.
 March 12, 1997.
 
 E.D.Ky., Nos. 95-00095, 94-00030; William O. Bertelsman, Judge, Nos. 95-00057, 93-00024; Joseph M. Hood, Judge.
 
 
 1
 E.D.Ky.
 
 
 2
 AFFIRMED.
 
 
 3
 Before: RYAN and DAUGHTREY, Circuit Judges; FRIEDMAN, District Judge.*
 
 ORDER
 
 4
 Marvin Lewis appeals pro se from two district court judgments that denied motions to vacate his sentences under 28 U.S.C. § 2255. His consolidated appeals have been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 In his first criminal case, Lewis pleaded guilty to mail fraud in the federal district court in Frankfort, Kentucky, a violation of 18 U.S.C. § 1341. On April 20, 1994, that court sentenced Lewis to 33 months of incarceration and three years of supervised release. A second criminal case was transferred from North Carolina to the federal district court in Covington, Kentucky. Lewis eventually pleaded guilty to aiding and abetting forgery in that case, a violation of 18 U.S.C. §§ 2 and 507. On August 23, 1994, the court in Covington sentenced Lewis to 29 months and 29 days of imprisonment as well as three years of supervised release, which was made consecutive to his prior sentence for mail fraud.
 
 
 6
 Lewis's first § 2255 motion involved his mail fraud conviction. He alleged: 1) that his attorney had failed to challenge a speedy trial violation; 2) that his guilty plea was involuntary; and 3) that his attorney had not challenged the validity of his plea. The district court adopted a magistrate judge's recommendation and dismissed this case on March 12, 1996.
 
 
 7
 Lewis's second § 2255 motion involved his forgery conviction. In this motion, Lewis alleged: 1) that his guilty plea was involuntary; 2) that his attorney had allowed him to plead guilty; and 3) that his attorney had not objected to the trial judge's participation in plea negotiations. Lewis subsequently amended this motion to allege that his offense level had been improperly calculated. The district court adopted a magistrate judge's recommendation and dismissed this case on March 1, 1996. Lewis now appeals each of these judgments, moving for the appointment of counsel and for a sentencing transcript at government expense.
 
 
 8
 We review the denial of a § 2255 motion de novo, although the district court's factual findings are examined for clear error. Gall v. United States, 21 F.3d 107, 109 (6th Cir.1994). In order for Lewis to prevail under § 2255, the record must reflect a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error that violated due process. See id.
 
 
 9
 Lewis's initial brief does not contain any arguments regarding the claim that his attorney failed to object to a speedy trial violation in the mail fraud case. Therefore, Lewis has abandoned this claim for purposes of appellate review. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 10
 In his next claim, Lewis alleged that his guilty plea to mail fraud had been induced by his belief that he could also plead guilty to forgery in the same court and possibly receive a concurrent sentence. Lewis must show cause and prejudice that would excuse the failure to raise this claim on direct appeal. See Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Lewis alleged that a direct appeal was not filed because there were no appealable issues at that time. However, this general statement is not sufficient to establish cause, and the failure to satisfy this element independently precludes review of Lewis's claim. See Murray v. Carrier, 477 U.S. 478, 494-95 (1986). There was also an insufficient showing of prejudice, as the district court found that Lewis knew that he was pleading guilty only to mail fraud and that the forgery charge could be resolved in a separate proceeding. This factual finding is not clearly erroneous because the forgery charge was expressly excluded from the plea agreement that Lewis signed in the mail fraud case. That agreement also provided that the matter of concurrent sentencing would be left to the sound discretion of the court.
 
 
 11
 In his third claim, Lewis alleged that his attorney was ineffective because counsel had allowed him to plead guilty to mail fraud. To establish the ineffective assistance of counsel, Lewis must show that his attorney's performance was deficient and that he was prejudiced by counsel's alleged error. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Lewis has not overcome the presumption that his attorney employed sound strategy by negotiating a plea agreement that resulted in the dismissal of several other charges, and the failure to show that counsel's performance was deficient independently defeats his claim. See id. Moreover, Lewis has not shown that he was prejudiced as there was not a reasonable probability that, but for counsel's alleged error, he would have changed his guilty plea and insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 12
 The claims that Lewis has raised regarding his forgery case are equally unavailing. By signing a plea agreement in that case, Lewis specifically waived the right to appeal his sentence if it did not exceed 30 months of imprisonment, consecutive to any other sentence. See United States v. Ashe, 47 F.3d 770, 775-76 (6th Cir.), cert. denied, 116 S.Ct. 166 (1995). We note that Lewis's claims would lack merit, even if they had not been waived.
 
 
 13
 Lewis first alleged that his guilty plea to forgery was invalid because he anticipated that his sentence on that charge would be concurrent with the sentence that he had received for mail fraud. Again, a showing of cause and prejudice is required to excuse the failure to raise this claim on direct appeal. Lewis alleged that his right to appeal had been waived due to the ineffective assistance of counsel. However, counsel did not provide ineffective assistance in this regard, and the failure to establish cause negates the need for further review of this claim. There was also an insufficient showing of prejudice, as the district court found that Lewis knew that he might be sentenced separately in Covington on the forgery charge. This factual finding is not clearly erroneous because defense counsel filed an affidavit which indicates that Lewis knew that sentencing would not be consolidated and that consecutive sentencing was possible.
 
 
 14
 Lewis also alleged that his attorney was ineffective because counsel allowed him to plead guilty to forgery, based on the belief that he would receive a concurrent sentence. Lewis has not shown that his attorney's performance was deficient in this regard, because the district court's rejection of his underlying factual allegations is not clearly erroneous. Moreover, Lewis has not established prejudice, as there is not a reasonable probability that he would have insisted on taking his case to trial if counsel had advised him differently. See Hill, 474 U.S. at 59.
 
 
 15
 Lewis alleged that his attorney was ineffective because counsel did not object to the trial court's participation in the plea negotiations. However, counsel's performance was not deficient in this regard because he did object to the court's initial rejection of the plea agreement, insofar as it involved a presentence investigation report. Moreover, Lewis was not prejudiced because the 29 month and 29 day sentence that he received was not inconsistent with the maximum sentence that had been negotiated in the plea agreement.
 
 
 16
 Finally, Lewis alleged that the trial court improperly rejected the initial presentence investigation report and directed the probation officer to prepare a new report, basing Lewis's offense level on the analogous sentencing guideline for obstruction of justice. "[T]he conduct covered by this guideline is frequently part of an effort to avoid punishment for an offense that the defendant has committed or to assist another person to escape punishment for an offense." USSG § 2J1.2, comment. (backg'd) (emphasis added). Lewis has not established cause that would excuse his failure to raise this claim on direct appeal. He has also failed to establish the required prejudice, as he admitted drafting a judicial order knowing that a judge's name would be forged on it, in an attempt to obtain the release of another inmate. The court did not err by finding that this conduct was appropriately described in § 2J1.2.
 
 
 17
 Lewis now argues that he was entitled to an evidentiary hearing. The courts did not abuse their discretion by deciding Lewis's § 2255 motions without a hearing, because the records before them were adequate to resolve his claims.
 
 
 18
 Accordingly, Lewis's motions are denied and the district courts' judgments are affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Bernard A. Friedman, United States District Judge for the Eastern District of Michigan, sitting by designation