Travis COLLINS, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 02–3311.

United States Court of Appeals, Sixth Circuit.

June 16, 2003.

Before: NORRIS, DAUGHTREY, and ROGERS, Circuit Judges.

### ORDER

This is a direct appeal from a district court judgment denying a motion to vacate sentence filed on the authority of 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1998, Travis Collins was convicted of conspiracy to commit bank robbery, in violation of 18 U.S.C. §§ 2 and 371, bank robbery and assault, in violation of 18 U.S.C. § 2113(a) and (d), and of using a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c)(1). A panel of this court affirmed Collins's conviction, with a remand for clarification of sentence, on direct appeal. *United States v. Collins*, 226 F.3d 457 (6th Cir.2000). Collins filed a motion to vacate sentence in 2001 in which he challenged the constitutionality of his conviction. The district court denied the motion and certified one issue for appellate review. This appeal followed.

The district court certified one issue for appellate review, namely, the claim that Collins was denied the effective assistance of trial counsel because trial counsel did not fully inform Collins of his right to testify in his own behalf. This court reviews de novo a district court's denial of a § 2255 motion, while examining the factual findings for clear error. *Gall v. United States*, 21 F.3d 107, 109 (6th Cir.1994).

On November 15, 1996, Collins's co-defendant William Ward went into a bank, pointed a sawed-off shotgun at a teller, and demanded money. The shotgun discharged before the teller could respond, causing extensive injuries to the teller, and Ward fled the bank without any money. The testimony of several witnesses and extensive circumstantial evidence established that Collins drove the escape car for Ward after having actively participated in the planning of the attempted robbery. Collins did not take the stand in his defense. The record is silent as to any advice Collins may or may not have received in this context but it is clear that Collins, a man with a lengthy history with the criminal justice system, never expressed any desire to testify in open court. On appeal, the panel's opinion does not reflect that Collins's right to testify was in issue.

Collins raised several claims in his motion to vacate sentence. The only relevant issue for purposes of this appeal is Collins's claim that he was never advised of his right to testify in his own behalf. Collins states that his attorney was ineffective for failing to so advise Collins, who allegedly would have taken the stand to deny every allegation of criminal wrong-doing. The United States Attorney responded in opposition and offered an affidavit of Collins's trial counsel in support. Counsel stated that his usual practice was to advise his criminal defendants of their right to testify and, although he did not recall the specifics of the conversation, counsel did remember having a conversation with Collins on this topic. The district court considered the motion and pleadings and found that Collins failed to carry his burden to show that his trial counsel was constitutionally deficient. The court concluded that, even if Collins had not been advised of his right to testify, his proffered testimony could not have swayed the jury in light of the overwhelming body of evidence against him. The district court's resolution of the ineffective counsel issue is the only matter before this court on appeal.

In general, a defendant alleging ineffective assistance of counsel must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* The reasonableness of counsel's performance is evaluated within the context of the circumstances at the time of the alleged errors, *id.* at 690, and the ultimate burden is on the defendant to show that his attorney's performance resulted in an actual breakdown of the adversarial process so as to deprive him of a fair proceeding. *United States v. Cronic,* 466 U.S. 648, 657, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). The specific constitutional right of a defendant to testify at trial is well established and subject only to a knowing and voluntary waiver by the defendant. *Rock v. Arkansas,* 483 U.S. 44, 49, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987). While it is the role of defense counsel to advise in this regard, the decision to take the stand "is ultimately for the defendant himself to decide." *United States v. Teague,* 953 F.2d 1525, 1533 (11th Cir. 1992).

A review of the record supports the district court's view that Collins failed to satisfy either prong of *Strickland.* The affidavit of Collins's trial counsel shows that, at best, the claimed failure to advise was in dispute, the resolution of which this court will not disturb. *See Moss v. United States,* 323 F.3d 445, 469–70 (6th Cir.2003) (citing with approval *Gonzales v. Elo,* 233 F.3d 348, 354–57 (6th Cir.2000)). More importantly, however, is the accuracy of the district court's assessment of the minimal impact Collins's blanket denials would have had against the impressive body of circumstantial and testimonial proof against Collins. It is extremely doubtful that the result of the proceedings would have been different or that Collins's allegations undermine confidence in the outcome of his trial. *Strickland,* 466 U.S. at 694. The state of the record, coupled with the absence of any indication by Collins at trial or on appeal, shows that he failed to carry his heavy burden to show that his trial was fundamentally unfair. This appeal lacks merit.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.