**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**LEXINGTON WHOLESALE CO.,
INC., Defendant–Appellant.**

**No. 02–5349.**

United States Court of Appeals,
Sixth Circuit.

July 30, 2003.

Before MOORE and GIBBONS, Circuit Judges, and SCHWARZER,* Senior District Judge.

## MEMORANDUM OPINION

SCHWARZER, Senior District Judge.

Lexington Wholesale Company, Inc. ("Lexington") pleaded guilty to a two-count information charging, in count 1, trafficking in counterfeit goods, in violation of 18 U.S.C. § 2320(a), and, in count 2, delivering and introducing infant formula with misbranded expiration dates into interstate commerce, in violation of 21 U.S.C. §§ 331(a) and 333(a)(1). Pursuant to the Victim Witness Protection Act, 18 U.S.C. § 3663, and as a condition of probation, the district court ordered restitution in the amount of $66,592.50 to Fleming Companies, Inc. ("Fleming"), which had purchased the infant formula from Lexington. Lexington appeals the judgment ordering restitution. We have jurisdiction of the appeal pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and, finding the district court committed no error, affirm.

## FACTS AND PROCEEDINGS BELOW

Lexington purchased loose cans of infant formula and repackaged them for resale in cases made to look virtually identical to those of the manufacturers of those cans. The cases bore trademarks of the manufacturers. The cans they contained were not sorted by "use by" dates. As a result, the date on the outside of the cases did not accurately reflect the "use by" date appearing on each can. The district court found that Fleming purchased some of the misbranded product, turned it over to the government for destruction, and as a result suffered a loss.

Lexington pleaded guilty to the two counts pursuant to a written plea agreement. The agreement provided in relevant part:

In addition to any other penalty authorized by law, the Court may order the defendant to make restitution to any victims of the offense, pursuant to 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1(a)(2).

The district court sentenced Lexington to five years' probation. On the government's motion, and over Lexington's objection, the court further ordered, as a condition of probation, restitution to Fleming in the amount of $66,592.50.

## DISCUSSION

We review the propriety of restitution *de novo*. *See United States v. Guardino*, 972 F.2d 682, 686 (6th Cir.1992). We review the amount of restitution for abuse of discretion. *SEC v. Johnston*, 143 F.3d 260, 262 (6th Cir.1998).

Lexington raises four contentions on appeal. First, it contends that the restitution order was unauthorized. It argues that 18 U.S.C. § 3663, by its terms, authorizes sanctions only for Title 18 violations (the trademark count), and that Fleming was a victim only of the Title 21 violation (the misbranding count). Therefore, Fleming did not qualify for restitution under 18 U.S.C. § 3663.

We reject the argument. *Gall v. United States*, 21 F.3d 107 (6th Cir.1994), held that where restitution is imposed as a condition of probation, the provisions of § 3563(b)(3), the Probation Statute, override the limitations of § 3663. *Id.* at 110. That section provides that the court may order restitu-

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

tion as a condition of probation "not subject to the limitation of section 3663(a)."

■ Second, Lexington argues that the plea agreement did not authorize ordering restitution under the Sentencing Guidelines. The argument necessarily presupposes the validity of Lexington's first argument, which fails. Even if the argument had merit, however, § 3663, as amended in 1990, provides that "[T]he court may also order restitution in any criminal case to the extent agreed to by the parties in a plea agreement." 18 U.S.C. § 3663(a)(3). Here, the plea agreement provided that "the court may order defendant to make restitution to any victims of the offense, pursuant to 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1(a)(2)." Lexington argues that the 1990 amendment does not apply because "there was no agreement as to the extent of restitution." We reject the argument. We think the 1990 amendment unambiguously permits the parties to agree that the court may order restitution and imposes no restrictions or qualifications on such agreement.

Moreover, here the parties agreed that the court could order restitution under both the provisions of the statute and of Sentencing Guidelines Section 5E1.1(a)(2). That section provides:

> In the case of an identifiable victim, the court shall—(2) impose a term of probation or supervised release with a condition requiring restitution for the full amount of the victim's loss, if the offense is not an offense for which restitution is authorized under 18 U.S.C. § 3663(a)(1) but otherwise meets the criteria for an order of restitution under that section.

U.S.S.G. § 5E1.1(a)(2).

Thus, under this guideline, restitution may be imposed as a condition of probation where restitution is not authorized under § 3663(a).

■ Third, Lexington contends that Fleming was not a victim. It argues that Fleming's loss was sustained as a result of the government's negligent failure to promptly notify Lexington of the seizure to permit it to repackage the containers to avoid their destruction. We agree with the district court's finding that Fleming, once it obtained the misbranded formula, could not sell or retain the formula without violating the law. Thus, Fleming's loss was a direct result of Lexington's misbranding. Had Fleming not cooperated with the government, its loss would have been the same-seizure of the formula pursuant to 21 U.S.C. § 334 through a judicial order of condemnation. Fleming, therefore, was a victim as defined in § 3663, having been "directly and proximately harmed" as a result of the offense to which Lexington pleaded guilty.

Finally, Lexington argues that the district court should have determined that the complication and delay caused by the restitution process outweighed the victim's need for restitution. Section 3663(a)(1)(B)(ii) provides:

> To the extent that the court determines that the complication and prolongation of the sentencing process resulting from the fashioning of an order of restitution under this section outweighs the need to provide restitution to any victims, the court may decline to make such an order.

In refusing to exercise this discretionary power, the district court found that Lexington, having waived the requirement that the hearing date for the final determination of victim's losses be set within ninety days after sentencing, *see* § 3664(d)(5), willingly participated in the proceedings necessary to resolve the restitution issue. Moreover, the absence of other parties besides Lexington showed that the restitution claim was not unduly complicated.

We find no abuse of discretion in the court's ruling.

## CONCLUSION

For the foregoing reasons, the judgment is AFFIRMED.