85 F.3d 629
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Elvira RINCON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3935.
 United States Court of Appeals, Sixth Circuit.
 May 8, 1996.
 
 Before: MARTIN, JONES, and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Elvira Rincon appeals pro se from a district court judgment that denied a motion to vacate, set aside or correct her sentence under 28 U.S.C. § 2255. Her appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Rincon pleaded guilty to conspiring to distribute and to possess more than 500 grams of cocaine for intended distribution, a violation of 21 U.S.C. §§ 841(a)(1) and 846. On April 19, 1990, the district court sentenced her to 120 months of imprisonment and eight years of supervised release. Rincon did not appeal her conviction or sentence.
 
 
 3
 Rincon alleged that her sentence was incorrectly calculated because she was held responsible for more than 500 grams of cocaine and that she was denied the effective assistance of counsel because her attorney did not file a direct appeal to challenge her sentence. The district court adopted a magistrate judge's recommendation over Rincon's objections and dismissed the case on July 27, 1995. It is from this judgment that she now appeals.
 
 
 4
 The denial of a § 2255 motion is reviewed de novo on appeal, although the district court's factual findings will be accepted as true unless they are clearly erroneous. Gall v. United States, 21 F.3d 107, 109 (6th Cir.1994). In order for Rincon to prevail, the record must reflect a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error that violated due process. See id. Even an error of constitutional dimensions may be considered to be harmless if it did not have a substantial and injurious effect or influence on the proceedings. Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir.1994).
 
 
 5
 Rincon first alleged that her base offense level was incorrectly calculated because she was not responsible for 500 grams of cocaine. Instead, she asserts that her sentence should have been based solely upon the 223.3 grams of cocaine that were seized from her. Rincon must show cause and prejudice that would excuse her failure to raise this claim on direct appeal. See Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). She now asserts that she wanted to file a direct appeal, even though her attorney did not file one on her behalf. As discussed more fully below, Rincon was not denied the effective assistance of counsel in this regard. Thus, the failure to make a sufficient showing regarding cause independently precludes review of her first claim. See Murray v. Carrier, 477 U.S. 478, 494-95 (1986).
 
 
 6
 We note, nonetheless, that Rincon was not prejudiced by the failure to raise this claim on direct appeal. The district court's findings regarding the amount of drugs that are attributable to a defendant are reviewed for clear error on appeal. See United States v. Critton, 43 F.3d 1089, 1098 (6th Cir.), cert. denied, 115 S.Ct. 1987 and 2004 (1995). In the present case, Rincon stipulated that she was responsible for more than 500 grams of cocaine when she agreed to plead guilty to the conspiracy charge. She also withdrew her objections to the presentence investigation report which indicated that she was responsible for all of the cocaine that was involved in the conspiracy. Finally, Rincon admitted helping her co-defendant find his supplier, and it is undisputed that over 1200 grams of cocaine were involved over the course of the conspiracy. Therefore, the district court did not commit clear error by finding that more than 500 grams of cocaine were attributable to Rincon. See id.; United States v. Hodges, 935 F.2d 766, 774 (6th Cir.), cert. denied, 502 U.S. 889 and 915 (1991).
 
 
 7
 Rincon also alleged that her counsel was ineffective for failing to raise her first claim on direct appeal. To prevail on this claim Rincon must show that her attorney's performance was deficient and that she was prejudiced by counsel's alleged error. See Strickland v. Washington, 466 U.S. 668, 687 (1984). The foregoing analysis shows that Rincon was not prejudiced by counsel's failure to challenge her sentence based on the amount of drugs that were attributed to her. It is also clear that counsel's performance was not deficient in this regard.
 
 
 8
 Rincon also argues that she was entitled to an evidentiary hearing on each of her claims. However, the district court did not abuse its discretion by deciding Rincon's motion without a hearing because Rincon did not allege specific facts that would have provided a basis for relief if they were proven at a hearing and the existing record was adequate to resolve her claims. See Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986).
 
 
 9
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.