28 F.3d 1215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Farrel Maurice WILSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-2460.
 United States Court of Appeals, Sixth Circuit.
 June 23, 1994.
 
 1
 Before: KENNEDY and JONES, Circuit Judges, and GRAHAM, District Judge.*
 
 ORDER
 
 2
 Farrel Maurice Wilson, a pro se federal prisoner, appeals a district court order denying his motion to vacate, set aside or correct sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Wilson was charged with possession with intent to distribute cocaine. He entered into a plea agreement in which it was stipulated that the proper sentencing range would be 135 to 168 months. He was sentenced to 135 months. No direct appeal was filed. The sentence was later reduced to 108 months pursuant to a motion by the government under Fed.R.Crim.P. 35. In this motion to vacate, Wilson argued that the government had breached an oral agreement reached when he was first arrested that he would not receive a sentence in excess of one year and that no information learned while he was cooperating with the government would be used in calculating his sentence. He also argued that the district court had failed to state reasons for the sentence imposed, that he had not received a copy of a search warrant requested in pretrial discovery, and that his counsel had been ineffective for failing to object to the above alleged errors. The district court denied the motion. Wilson raises the same arguments on appeal.
 
 
 4
 Upon review, we conclude that the motion was properly denied. Initially, we note that Wilson failed to show cause and prejudice for his failure to raise his first three issues in a direct appeal. See United States v. Frady, 456 U.S. 152, 167-69 (1982). Moreover, the issues raised are meritless. After unequivocally declaring in court that his guilty plea was based only on an agreement that he be sentenced in the range of 135 to 168 months, Wilson will not be heard to complain that he actually believed he would receive a sentence of not more than one year. See Baker v. United States, 781 F.2d 85, 90, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986). He intentionally waived his right to assert that the sentence was calculated based on information for which he had received immunity when he entered into the plea agreement; he may not now assert that this was error. See United States v. Olano, 113 S.Ct. 1770, 1777 (1993).
 
 
 5
 The remaining issues are equally meritless. Wilson can show no prejudice from the failure to state reasons for the sentence imposed where he received the lowest sentence possible according to his plea agreement. His allegation of lack of discovery is a non-jurisdictional defect which cannot be challenged following the entry of a valid guilty plea. See Tollett v. Henderson, 411 U.S. 258, 267 (1973). Finally, as none of the allegations of error have merit, the derivative complaint of ineffective assistance of counsel also fails.
 
 
 6
 Accordingly, the denial of this motion to vacate sentence is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James L. Graham, U.S. District Judge for the Southern District of Ohio, sitting by designation