86 F.3d 1157
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Maurice Farrell WILSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-1991.
 United States Court of Appeals, Sixth Circuit.
 May 31, 1996.
 
 1
 Before: RYAN and NORRIS, Circuit Judges; DOWD, District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Maurice Farrell Wilson pleaded guilty to possessing cocaine in violation of 21 U.S.C. § 841(a)(1), pursuant to a negotiated Fed.R.Crim.P. 11 agreement. The district court sentenced Wilson to 135 months in prison. Wilson did not appeal his conviction or sentence. Instead, Wilson moved to vacate his sentence pursuant to § 2255. The district court appointed counsel to represent Wilson, conducted two hearings on Wilson's motion, and denied the motion to vacate but ordered Wilson's sentence reduced to 108 months in prison on the basis of the government's Rule 35 motion. Wilson appealed, and this court affirmed the district court's judgment. Wilson v. United States, No. 93-2460, 1994 WL 284089 (6th Cir. June 23, 1994).
 
 
 4
 Thereafter, Wilson filed a second § 2255 motion in which he claimed that he received ineffective assistance of trial counsel because counsel did not challenge or appeal the firearm enhancement in his sentencing guideline calculation. The district court denied Wilson's second § 2255 motion, and Wilson did not appeal that judgment.
 
 
 5
 In this, his third § 2255 motion, Wilson claimed that he received ineffective assistance of trial counsel because counsel did not factually or legally evaluate his case, nor explain that the sentencing guideline range was based in part upon a stipulation regarding the quantity of cocaine. The district court denied Wilson's third motion as successive pursuant to paragraph 5 of § 2255 and Rule 4 of the Rules Governing § 2255 Proceedings. Wilson appeals that judgment.
 
 
 6
 In order to obtain relief under § 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); see also United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (applying Brecht to § 2255 motion to vacate). This court reviews de novo a judgment denying a § 2255 motion while examining the factual findings for clear error. Gall v. United States, 21 F.3d 107, 109 (6th Cir.1994).
 
 
 7
 Wilson is barred from seeking relief on his claim because the claim could have been but was not raised in his two prior motions to vacate sentence. Although the district court denied Wilson's third § 2255 motion as successive, the motion was more properly subject to dismissal as an abuse of the writ. Wilson's motion to vacate sentence constituted an abuse of the writ because Wilson had a prior opportunity to raise his claims and he either deliberately abandoned his claims or, by inexcusable neglect, failed to raise the claims at his prior opportunities. See 28 U.S.C. § 2254(b); Rule 9(b) [second clause], Rules Governing § 2254 Cases; McCleskey v. Zant, 499 U.S. 467, 489-90 (1991); Lewandowski v. Makel, 949 F.2d 884, 890 (6th Cir.1991). Although McCleskey addressed a § 2254 petition brought by a state prisoner, its procedural bar analysis is equally applicable to § 2255 motions to vacate brought by federal prisoners. See, e.g., Peltier v. Henman, 997 F.2d 461, 473 (8th Cir.1993) (collecting cases). In his third motion to vacate sentence, Wilson admitted that he did not raise his present claim of ineffective assistance in his earlier motions because he did not understand the nature of his claim until he filed his third motion. Thus, he had a prior opportunity to raise his claim. Under these circumstances, in order to obtain review, Wilson must demonstrate cause and prejudice to excuse his failure to raise his claim on appeal. See McCleskey, 499 U.S. at 493-94. Wilson does not show cause and none is apparent from the record. Wilson can also show no prejudice as his claim is without merit. Thus, we conclude that the district court properly denied Wilson's third motion to vacate without holding an evidentiary hearing.
 
 
 8
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation