89 F.3d 833
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Albert L. Hart/CROSS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-5375.
 United States Court of Appeals, Sixth Circuit.
 July 1, 1996.
 
 Before: SUHRHEINRICH and SILER, Circuit Judges; EDMUNDS, District Judge.*
 SILER, Circuit Judge.
 
 
 1
 Petitioner Albert Hart/Cross appeals the district court's denial of his motion to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255.[1] We affirm.
 
 I. Facts
 
 2
 In 1990, Cross was charged with two counts of bank fraud in violation of 18 U.S.C. § 1344. The indictment specifically alleged that he "did knowingly execute a scheme and artifice to defraud" two banks in Tennessee. He effected a check kiting scheme that defrauded the first bank of $80,000 ("Count I") and the second bank of $46,000 ("Count II"). In December 1990, Cross pled guilty to Count I of the indictment, but subsequently failed to appear for sentencing. After his apprehension, on October 29, 1991, the district court vacated Cross' guilty plea because Cross maintained that he was not guilty of Count I.[2] Cross again pled guilty, this time to Count II. He was sentenced to two years incarceration, consecutive to any other sentence imposed upon him, and ordered to pay restitution on both counts.
 
 
 3
 In August 1994, Cross filed this motion, arguing that "simple check kiting" does not violate 18 U.S.C. § 1344, and, thus, his sentence must be set aside.[3] In addition, Cross argued that his counsel, Tom Watson, failed to render effective assistance by not fully explaining the consequences of his plea and the legal issue of whether check kiting is bank fraud. Cross also asserted that his counsel failed to argue that Hughey v. United States, 495 U.S. 411 (1990), forbids an order of restitution on a count for which he was not convicted. Finally, Cross alleged a handful of "personal claims." The district court denied the motion in totalis.
 
 II. Discussion
 
 4
 To prevail on his § 2255 motion, Cross "must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." Gall v. United States, 21 F.3d 107, 109 (6th Cir.1994) (citation omitted). The district court's denial of the § 2255 motion is reviewed de novo, but its findings of fact are reviewed for clear error. Id.
 
 
 5
 A. Check kiting under the Bank Fraud Statute
 
 
 6
 The relevant portion of the Bank Fraud Statute, 18 U.S.C. § 1344, provides: "Whoever knowingly executes, or attempts to execute, a scheme or artifice--(1) to defraud a financial institution ... shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both." Cross contends that the indictment does not specify the subsection of § 1344 with which he was charged. In United States v. Stone, 954 F.2d 1187, 1190 (6th Cir.1992), this court held that the language of the information--"devised a scheme or artifice to defraud the Ohio Citizens Bank"--was sufficient to charge a crime under subsection (1) of § 1344, rather than subsection (2). Because the language in the indictment against Cross mirrors that of the information in Stone, we reject Cross' first argument.
 
 
 7
 Cross next argues that check kiting is not a crime under the bank fraud statute. In Stone, we addressed and rejected the same argument: "This court has recently upheld a conviction for check kiting under the defraud provision of § 1344(1), see United States v. Seago, 930 F.2d 482, 486-87 (6th Cir.1991), thereby joining those circuits that have interpreted § 1344(1) to encompass check-kiting schemes within its strictures." Id. at 1190.
 
 
 8
 Alternatively, Cross asks this court to overrule Stone in light of United States v. Bean, 18 F.3d 1367, 1370 (7th Cir.1994), which provides, " § 1344 does not attach criminal penalties to the unadorned writing of rubber checks, and there is some question whether 'simple' check kiting violates the statute." We cannot overrule Stone to exempt "simple" check kiting from bank fraud because "[a] panel of this Court cannot overrule the decision of another panel. The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision." Thomson v. Harmony, 65 F.3d 1314, 1320 (6th Cir.1995) (citation omitted).
 
 B. Ineffective assistance
 
 9
 The two prong test of Strickland v. Washington, 466 U.S. 668 (1984), applies to challenges to guilty pleas based on a claim of ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 57 (1985). The two prongs of this claim are: 1) "performance," meaning counsel was deficient; and 2) "prejudice," meaning the deficient performance deprived petitioner of a fair proceeding. Cross must show that his attorney's performance was so inadequate as to violate his Sixth Amendment rights. Strickland, 466 U.S. at 687. To prove prejudice, Cross must show a reasonable probability, not just a possibility, that but for his attorney's failure to fully inform him of the consequences of his plea, the result of the proceeding would have been different. Id. at 694.
 
 
 10
 Cross testified that he met only once with his counsel, Watson, during the two-week period between the withdrawal of his first plea to Count I and the entry of his second plea to Count II. Cross also testified that Watson did not explain the consequences of his plea, including the potential extent of the restitution order and the issue of whether bank fraud included "simple" check kiting. Cross, however, signed the plea agreement which explicitly stated that restitution may be ordered on both counts of the indictment. In addition, Watson testified that he had several meetings with Cross during this two-week period in which he explained the plea agreement, including the fact that check kiting is bank fraud in this circuit and that the district court could order restitution on both counts. James Bryan, appointed counsel for Cross on separate federal charges, corroborated Watson's testimony. The district court found the testimony of Watson and Bryan to be more credible than that of Cross. See FED.R.CIV.P. 52(a) ("due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses"). We agree with the district court's finding that Watson's performance was not deficient. See Strickland, 466 U.S. at 689 (holding that defendant must overcome presumption that his counsel's conduct falls within wide range of reasonable professional assistance). Thus, Cross' claim of ineffective assistance fails on the first prong of Strickland.
 
 C. Restitution and the Ex Post Facto Clause
 
 11
 Cross cites Hughey v. United States, 495 U.S. 411 (1990), for the proposition that he cannot be ordered to pay restitution on a charge for which he was never convicted. See id. at 420-421 (holding that the loss caused by the conduct underlying the actual conviction establishes "outer limits" of a restitution order). In response to Hughey, Congress added a provision to the Crime Control Act of 1990 that allows a court to "order restitution in any criminal case to the extent agreed to by the parties in a plea agreement." 18 U.S.C. § 3663(a)(3). Section 3663(a)(3) became effective on November 29, 1990. The government argues that because § 3663(a)(3) was in effect at the time of Cross' sentencing, it replaces the holding in Hughey. Hence, the argument goes, the district court was justified in ordering restitution on both counts even though Cross only pled guilty to Count II.
 
 
 12
 Emphasizing that § 3663(a)(3) was effective after he committed the underlying crime, Cross argues that the Ex Post Facto Clause bars any order of restitution on a count for which he was not convicted. See Calder v. Bull, 3 U.S. 386, 390 (1798) (stating that the Ex Post Facto Clause includes "[e]very law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed."). In United States v. Arnold, 947 F.2d 1236 (5th Cir.1991), the court held as follows:
 
 
 13
 This Court finds no violation of the prohibition against ex post facto laws in Arnold's situation. The amendment became effective November 29, 1990, between the commission of the crime and the guilty plea. The legislation is not applied retroactively to enhance the penalty for past conduct, but rather is applied prospectively to validate Arnold's plea agreement. Whether Arnold had "fair warning" of a change in the law affecting the validity of plea agreements at the time the crime was committed is of no moment. When he made his agreement, he had "fair warning" that restitution could be ordered under the agreement. ... Section 3663(a)(3) regarding plea agreements, which presents no such potential violation of the ex post facto clause, determines this case....
 
 
 14
 Id. at 1238 n. 2. Because we adopted the Arnold holding in United States v. Guardino, 972 F.2d 682, 686-87 (6th Cir.1992), Cross' Ex Post Facto argument is unavailing. We need not discuss his remaining claims as they are meritless.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The petitioner was first indicted in the Middle District of Tennessee under his alias, Albert Hart. His true name, however, is Albert L. Cross. He perjured himself during the proceedings below by making a false declaration concerning his true name and whether he had ever been known by any other names. He later pled guilty to a charge of perjury
 
 
 [2]
 Cross insisted that although he knew there were insufficient funds to cover the checks, he believed that a third party would place money in the account before the checks cleared
 
 
 [3]
 He initially requested relief pursuant to Federal Rule of Civil Procedure 60(b), which the district court properly interpreted as a § 2255 motion