92 F.3d 1185
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Derron MACKLIN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-6387.
 United States Court of Appeals, Sixth Circuit.
 Aug. 2, 1996.
 
 Before: GUY, RYAN, and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Derron Macklin, a federal prisoner proceeding pro se, appeals a district court order denying his motion to vacate, set aside, or correct his sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A jury convicted Macklin and a codefendant in November 1992 of aiding and abetting each other in the possession of two kilograms of cocaine with intent to distribute. He was sentenced in April 1993 to 82 months in prison and four years of supervised release. A panel of this court affirmed Macklin's conviction on appeal. United States v. Matthews, Nos. 93-5708/5747, 1994 WL 228226 (6th Cir. May 24, 1994) (per curiam), cert. denied, 115 S.Ct. 340 (1994).
 
 
 3
 In his present motion, Macklin raised five grounds for relief: (1) the search and seizure of the package containing the cocaine was illegal; (2) his arrest was unlawful because the affidavit was inadequate to provide probable cause; (3) the admission of his statement to police violated his rights under Miranda v. Arizona, 384 U.S. 436 (1966), and the Fifth Amendment; (4) the prosecution improperly suppressed the toxicology report on the package contents in violation of his due process rights and Brady v. Maryland, 373 U.S. 83 (1963); and (5) he received ineffective assistance of counsel. The district court summarily denied Macklin's motion after finding that Macklin's Fourth Amendment claim had been raised and rejected on direct appeal, his unlawful arrest claim was patently meritless, the record showed Macklin was read his Miranda rights, the alleged error regarding the affidavit had no impact upon his trial or conviction, his Brady issue was frivolous, and counsel was not ineffective in failing to raise these meritless issues.
 
 
 4
 On appeal, Macklin argues that: (1) the district court erred by not considering newly discovered evidence regarding his illegal search and unlawful arrest claims; (2) the government failed to carry its burden of proof under Miranda; (3) the district court erred by finding that, even if false, the affidavit had no impact on his trial; (4) the government failed to comply with Fed.R.Crim.P. 16, the Jencks Act, and Brady; (5) the district court erred by finding that Macklin offered no factual support for his claims, and (6) counsel rendered ineffective assistance for failing to raise these issues.
 
 
 5
 Upon careful review, we affirm the district court's order. The denial of a § 2255 motion is reviewed de novo, with the district court's factual findings reviewed for clear error. Gall v. United States, 21 F.3d 107, 109 (6th Cir.1994). To warrant relief under § 2255, the record must reflect a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); Gall, 21 F.3d at 109. In addition, Macklin must show cause and prejudice that would excuse the failure to raise several of his issues on direct appeal. United States v. Frady, 456 U.S. 152, 167-68 (1982).
 
 
 6
 Macklin's first two issues are wholly without merit. Although he complains that the district court did not consider "newly discovered evidence" relating to the search of the Federal Express package and his subsequent arrest upon claiming the package, he fails to identify that evidence, let alone demonstrate why it could not have been discovered prior to trial. Furthermore, the district court properly found that Macklin's Fourth Amendment claim had already been rejected on direct appeal. It is well-settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law. United States v. Prichard, 875 F.2d 789, 790-91 (10th Cir.1989) (per curiam); Stephan v. United States, 496 F.2d 527, 528-29 (6th Cir.1974) (per curiam), cert. denied, 423 U.S. 861 (1975). There are no highly exceptional circumstances present in this case.
 
 
 7
 Macklin next argues on appeal that the government failed to carry its burden under Miranda to show that he waived his right to have an attorney present before giving his statement to police. This issue could have been raised on direct appeal but was not and Macklin appears to assert ineffective assistance of counsel as cause for failing to raise it at that time. Even if it is assumed that counsel should have raised the issue, however, Macklin cannot demonstrate the necessary prejudice. Macklin apparently abandons his earlier claim that he was not read his rights at all; instead, he now claims that the government was required to put on proof that he waived those rights before giving his incriminating statement. That claim is meritless because Macklin does not assert even now that he refused to waive his rights and, instead, requested an attorney. The government was not required to put on unnecessary proof.
 
 
 8
 In an issue related to his illegal search and arrest issues, Macklin argues that the district court erred in concluding that, even if false, the affidavit supporting the criminal complaint had no impact on his trial. The alleged falsehood consists of the affiant's statement that another officer received a call from Federal Express indicating that they had discovered two kilograms of cocaine in an incoming package. An officer later testified at the suppression hearing that the Federal Express personnel actually said that they had discovered what they thought was cocaine in the package. Whether or not the statement in the affidavit was technically inaccurate, the district court properly found that this minor inaccuracy was irrelevant.
 
 
 9
 Nor is there any showing that the government violated discovery rules, the Jencks Act, or Brady. There is no indication in the record or in Macklin's pleadings that there was any serious question as to the contents of the seized package. Furthermore, the district court properly rejected Macklin's claim that any failure to provide the toxicology report violated Brady. The report was not favorable to Macklin; thus, even if the government did not turn it over, there would be no Brady violation.
 
 
 10
 To establish ineffective assistance of counsel, Macklin must show that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984). Macklin has shown neither. His claim is based upon the fact that counsel did not raise the above issues. However, the Sixth Amendment does not require counsel to raise a meritless argument. United States v. Cronic, 466 U.S. 648, 656 n. 19 (1984); Krist v. Foltz, 804 F.2d 944, 946-47 (6th Cir.1986). For the reasons discussed, Macklin's arguments are meritless.
 
 
 11
 Finally, the district court did not err in failing to discover any factual support allegedly offered by Macklin for his claims. Macklin's arguments are conclusory in nature. Moreover, because the files and records in this case conclusively show that Macklin is not entitled to relief, the district court was not required to hold an evidentiary hearing. See United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 508 U.S. 943 (1993).
 
 
 12
 Accordingly, the district court's order, entered on September 30, 1995, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.