94 F.3d 645
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jack LAURY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-2093.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1996.
 
 Before: KENNEDY, WELLFORD, and SILER, Circuit Judges.
 
 ORDER
 
 1
 Jack Laury appeals pro se from a district court judgment that denied a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1993, Laury pleaded guilty to possessing heroin within 1,000 feet of a school for intended distribution and using a firearm in relation to a drug trafficking offense, violations of 18 U.S.C. §§ 860 and 924(c). He was sentenced to consecutive terms of two years of incarceration on the heroin charge, five years of incarceration on the firearms charge, and six years of supervised release. Laury did not file a direct appeal.
 
 
 3
 In his § 2255 motion, Laury alleged that the trial court had not established an adequate factual basis for his guilty plea to the firearms charge and that he was denied the effective assistance of counsel because his attorney allowed him to plead guilty to this charge. The district court adopted a magistrate judge's recommendation and dismissed the case on August 23, 1995. It is from this judgment that Laury now appeals, moving for pauper status on appeal.
 
 
 4
 We review the denial of a § 2255 motion de novo, although we accept the district court's factual findings as true unless they are clearly erroneous. Gall v. United States, 21 F.3d 107, 109 (6th Cir.1994). In order for Laury to prevail, the record must reflect a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error that violated due process. See id.
 
 
 5
 Laury alleged that the trial court had not established a sufficient factual basis for his guilty plea to using a firearm in relation to a drug trafficking offense. It appears that several firearms were found during a search of Laury's home and that another firearm was found in Laury's pocket when he was arrested. Laury does not dispute his possession of these firearms. Instead, he argues that they were not actively used in relation to a drug trafficking crime.
 
 
 6
 Laury must show cause and prejudice that would excuse his failure to present this claim on direct appeal. See Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). He has satisfied the cause requirement because the claim is controlled by the Supreme Court's decision in Bailey v. United States, 116 S.Ct. 501 (1995), which was not rendered until after the time for filing his direct appeal had elapsed. See Callanan v. United States, 881 F.2d 229, 231 (6th Cir.1989), cert. denied, 494 U.S. 1083 (1990). The Bailey decision applies retroactively as it provides a new interpretation of substantive criminal law. See id. at 231-32 & n. 1.
 
 
 7
 In Bailey, the Supreme Court held that a conviction under § 924(c) "requires evidence sufficient to show an active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." 116 S.Ct. at 505 (emphasis in the original). Merely storing a firearm near drugs or possessing a firearm in anticipation of a possible confrontation does not constitute active use within the meaning of § 924(c). Id. at 508-09. A remand is necessary to clarify the factual basis of Laury's plea, because the Bailey decision was not available to the district court when it denied his motion to vacate. See United States v. Bingham, 81 F.3d 617, 624 (6th Cir.1996).
 
 
 8
 Laury also argues that his trial attorney was ineffective because counsel allowed him to plead guilty to the firearms charge. To establish the ineffective assistance of counsel, Laury must show that his attorney's performance was deficient and that he was prejudiced by counsel's alleged errors. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Counsel was not deficient because Laury pleaded guilty almost three years before the Supreme Court decided Bailey, and counsel's evaluation of the proof was consistent with the caselaw that was controlling at that time. The failure to show that counsel's performance was deficient independently defeats Laury's Sixth Amendment claim. See id. at 687.
 
 
 9
 Accordingly, Laury's motion for pauper status is granted for the limited purpose of filing this appeal, the district court's judgment is vacated, and the case is remanded for further proceedings pursuant to Rule 9(b)(3), Rules of the Sixth Circuit. We note that the district court may wish to consider whether it is appropriate to resentence Laury under USSG § 2K2.1(b)(5), if it determines that his conviction under 18 U.S.C. § 924(c) is invalid in light of the Supreme Court's decision in Bailey.