97 F.3d 1451
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kevin BROWN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-4332.
 United States Court of Appeals, Sixth Circuit.
 Sept. 25, 1996.
 
 1
 Before: GUY and RYAN, Circuit Judges; JARVIS, District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Kevin Brown pleaded guilty to conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, failure to appear in violation of 18 U.S.C. § 3146, and possession of crack cocaine in violation of 21 U.S.C. § 841(a)(1), pursuant to a negotiated Fed.R.Crim.P. 11 agreement. The district court sentenced Brown to 109 months in prison and ordered all terms of supervised release to run concurrently. Brown did not appeal his conviction or sentence.
 
 
 4
 In his motion to vacate sentence, Brown claimed that: 1) defense counsel misled him concerning to what extent the quantity of cocaine attributed to him would affect his sentence; 2) the statute and Sentencing Guidelines for crack cocaine are unconstitutional because they are racially discriminatory and there is no scientific distinction between cocaine powder and cocaine base; 3) defense counsel was ineffective because he failed to request a hearing with regard to objections to the presentence investigation report; 4) he was entitled to a sentence reduction because of his minor role in the offense; and 5) defense counsel denied him due process of law because counsel did not directly appeal his sentence. The district court denied Brown's motion to vacate. Brown appeals that judgment.
 
 
 5
 In his timely appeal, Brown reasserts claims 1, 2, 3 and 4.
 
 
 6
 Initially, we note that Brown does not reassert his fifth claim on appeal. Issues which were raised in the district court, yet not raised on appeal, are considered abandoned and not reviewable on appeal. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 7
 In order to obtain relief under § 2255 on the basis of nonconstitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 508 U.S. 943 (1993). Technical violations of the federal sentencing guidelines will not warrant relief. See Scott v. United States, 997 F.2d 340, 342-43 (7th Cir.1993) (only extraordinary circumstances warrant review of sentence guideline violation). In order to obtain relief under § 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993); see also United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (applying Brecht to § 2255 motion to vacate). This court reviews de novo a judgment denying a § 2255 motion while examining the factual findings for clear error. Gall v. United States, 21 F.3d 107, 109 (6th Cir.1994).
 
 
 8
 Brown is barred from seeking relief on his second and fourth claims. These claims could have been but were not raised on direct appeal. Under these circumstances, in order to obtain review, Brown must demonstrate cause and prejudice to excuse his failure to raise his claims on appeal. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Brown does not show cause and none is apparent from the record. Furthermore, Brown can show no prejudice as his claims are without merit.
 
 
 9
 Brown received effective assistance of counsel. Brown claims that his attorney told him that the amount of cocaine to be attributed to him was not important. To establish ineffective assistance of counsel, it must be shown that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984). In a guilty plea context, while the performance prong of the Strickland test remains the same, to establish prejudice the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Counsel's performance was not deficient. The parties' plea agreement sets forth the amount of cocaine attributable to Brown. In addition, the amount of cocaine was the subject of a hearing. At that hearing, defense counsel vigorously contested the amount of cocaine to be attributed to Brown.
 
 
 10
 Furthermore, Brown cannot establish the prejudice prong of the Strickland analysis. Instead of showing that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial, Hill, 474 U.S. at 59, Brown claims that because his attorney misled him, he did not knowingly and voluntarily plead guilty. A plea of guilty is valid if it is entered voluntarily and intelligently, as determined under the totality of the circumstances. Brady v. United States, 397 U.S. 742, 749 (1970); Boykin v. Alabama, 395 U.S. 238, 242-44 (1969). The Constitution requires that such circumstances reflect that the defendant be informed of all the direct consequences of his plea. Brady, 397 U.S. at 755. At the guilty plea hearing, Brown stated that he was satisfied with his attorney's performance. The district court informed Brown of the rights he was waiving by pleading guilty and fully informed him of the direct consequences of his guilty plea. After being informed of his constitutional rights and the direct consequences of his plea, Brown admitted that he committed the crimes for which he was charged. In short, the record reveals a full understanding of the terms of the plea agreement, the direct consequences of the plea agreement, and a voluntary admission of guilt.
 
 
 11
 Brown's counsel was not ineffective for failing to request an evidentiary hearing to contest portions of the presentence investigation report. As his third enumerated claim, Brown contends that his attorney was constitutionally deficient for failing to request an evidentiary hearing. The record reveals that on July 24, 1991, the district court conducted a lengthy hearing with regard to Brown's objections to the presentence investigation report. Thus, Brown's claim has absolutely no basis in fact.
 
 
 12
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James H. Jarvis, II, Chief District Judge for the Eastern District of Tennessee, sitting by designation