98 F.3d 1342
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bernard Lamarr JOHNSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-1123.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1996.
 
 1
 Before: SUHRHEINRICH and MOORE, Circuit Judges; McKINLEY, District Judge.*
 
 ORDER
 
 2
 Bernard Lamarr Johnson appeals pro se from a district court judgment that denied a motion to vacate his sentence under 28 U.S.C. § 2255. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Johnson was convicted of distributing heroin and of conspiring to distribute and possess heroin for intended distribution, violations of 21 U.S.C. §§ 841(a)(1) and 846. On April 30, 1993, Johnson was sentenced to 57 months of imprisonment and three years of supervised release. He did not file a direct appeal. Johnson raised numerous claims in his § 2255 motion, alleging that he had not received the effective assistance of counsel. The district court denied the motion on January 5, 1996, and it is from this judgment that Johnson now appeals.
 
 
 4
 We review the denial of a § 2255 motion de novo, although the district court's factual findings are examined for clear error. Gall v. United States, 21 F.3d 107, 109 (6th Cir.1994). For Johnson to prevail, the record must reflect a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error that violated due process. Id. Even a constitutional error may be considered to be harmless if it did not have a substantial and injurious effect on the proceedings. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993).
 
 
 5
 Johnson now asserts that the "district court stated that the DEA agents' stop of me was a 'general writ' stop, but agreed with the prosecution on appeal that there was no ineffective assistance of counsel." This undeveloped statement is not sufficient to preserve any of the claims that were raised in Johnson's motion. We note that the statement may be related to Johnson's claim that his attorney failed to challenge the consensual search of his vehicle. However, such a claim would lack merit, even if it were fairly raised on appeal.
 
 
 6
 To establish the ineffective assistance of counsel, Johnson must show that his attorney's performance was deficient and that he was prejudiced by counsel's alleged errors. Strickland v. Washington, 466 U.S. 668, 687 (1984). Johnson does not dispute the district court's findings which indicate that overwhelming evidence was arrayed against him at trial. There was evidence that an undercover DEA agent had purchased heroin from Johnson's co-defendant on three occasions prior to the disputed search and that Johnson brought the heroin to his co-defendant at the scene of each of these transactions. In light of this evidence, there is not a reasonable probability that the jury's decision would have been altered by suppressing the fruits of the search. Johnson's failure to show that he was prejudiced eliminates any need to examine the performance prong of the Strickland test. See id. We also note that Johnson has abandoned his other ineffective assistance of counsel claims, by failing to raise any argument regarding them on appeal. See Wright v. Holbrook, 794 F.2d 1152, 1156-57 (6th Cir.1986).
 
 
 7
 Johnson now argues that his conviction violated the Double Jeopardy Clause because his automobile was forfeited under 21 U.S.C. § 881. However, a recent decision by the Supreme Court makes it clear that such "in rem civil forfeitures are neither 'punishment' nor criminal for purposes of the Double Jeopardy Clause." United States v. Ursery, 116 S.Ct. 2135, 2149 (1996). Thus, the forfeiture could not have resulted in a double jeopardy violation.
 
 
 8
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph H. McKinley, Jr., United States District Judge for the Western District of Kentucky, sitting by designation