99 F.3d 1138
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael BARTEL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-1230.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1996.
 
 Before: MERRITT, COLE, and GODBOLD*, Circuit Judges.
 
 ORDER
 
 1
 Michael Bartel, a pro se federal prisoner, appeals a district court order denying his motion to vacate, set aside, or correct his sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On February 23, 1993, Bartel pleaded guilty to conspiracy to distribute marijuana pursuant to a Rule 11 plea agreement. The plea agreement provided, inter alia, that Bartel's prison term would not exceed 66 months and that Bartel would not challenge the accuracy of any factor stipulated to in the attached Sentencing Guideline worksheets. In an addendum, the parties agreed that Bartel's residential real property, the subject of a pending civil forfeiture action under 21 U.S.C. § 881(a)(7), would be divided 2/3 to the government and 1/3 to him. The district court sentenced Bartel on June 22, 1993, to the mandatory minimum term of 60 months in prison. A panel of this court affirmed Bartel's conviction on appeal. See United States v. Bartel, 19 F.3d 1105 (6th Cir.), cert. denied, 115 S.Ct. 113 (1994).
 
 
 3
 In his motion to vacate, Bartel presented four grounds for relief: (1) the district court erred by not reducing his offense level by two for minimal role in the offense, (2) the district court improperly enhanced his offense level by two for obstruction of justice, (3) counsel was ineffective for failing to raise the above issues, and (4) his criminal conviction in addition to the civil forfeiture of his property subjected him to double jeopardy. The district court denied Bartel's motion in an order filed on January 31 and entered on February 5, 1996.
 
 
 4
 On appeal, Bartel continues to argue the merits of his double jeopardy and ineffective assistance of counsel issues. In addition, he argues that the district court failed to make an individualized finding as to the drug quantity attributable to him.
 
 
 5
 Upon review, we affirm the district court's order. The denial of a § 2255 motion is reviewed de novo, with the district court's factual findings reviewed for clear error. Gall v. United States, 21 F.3d 107, 109 (6th Cir.1994). To warrant relief under § 2255 on the basis of a nonconstitutional error, the record must reflect a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2300 (1994). To obtain relief because of constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the petitioner's plea. Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993). The record in this case does not meet these standards.
 
 
 6
 Bartel did not challenge the amount of drugs attributable to him in the district court. Unless exceptional circumstances are present, this court normally will not address an issue not first raised in the district court. See Building Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway, 46 F.3d 1392, 1398-99 (6th Cir.1995). There are no exceptional circumstances in this case. Moreover, Bartel waived his right to appeal this issue by stipulating to the base offense level in the worksheets attached to his plea agreement. See United States v. Allison, 59 F.3d 43, 46 (6th Cir.), cert. denied, 116 S.Ct. 548 (1995).
 
 
 7
 Bartel next argues that the civil forfeiture of his property, in addition to his criminal prosecution, violated the constitutional prohibition against double jeopardy. However, the Supreme Court recently foreclosed this argument, holding that in rem civil forfeitures "are neither 'punishment' nor criminal for purposes of the Double Jeopardy Clause." United States v. Ursery, Nos. 95-345/346, 1996 WL 340815, at * 16 (U.S.1996).
 
 
 8
 Finally, Bartel argues that his counsel rendered ineffective assistance by not objecting to the enhancement for obstruction of justice and not seeking a reduction for minimal role in the offense. To establish ineffective assistance of counsel, Bartel must show that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the proceedings unfair and the result unreliable. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 9
 The district court found that Bartel had accepted responsibility for conspiring to distribute marijuana in the amount of 100 to 400 kilograms on at least four separate occasions. Bartel's guilty plea involving this amount of marijuana required the imposition of a mandatory prison term of at least five years. See 21 U.S.C. § 841(b)(1)(B)(vii). The district court sentenced him to the mandatory minimum term. Thus, counsel's performance, even if it were considered to be deficient for not raising these sentencing issues, did not prejudice Bartel at all. He received the lowest sentence available. Bartel has failed to demonstrate that he is entitled to relief.
 
 
 10
 Accordingly, the district court's order, entered on February 5, 1996, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John C. Godbold, Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation