106 F.3d 400
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mario S. GIBBS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-3492.
 United States Court of Appeals, Sixth Circuit.
 Jan. 29, 1997.
 
 Before: LIVELY, MERRITT, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Mario S. Gibbs appeals pro se from a district court judgment that denied a motion to vacate his sentence under 28 U.S.C. § 2255. His appeal has been referred to a panel of this court pursuant to Rule 9(a). Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Gibbs pleaded guilty to money laundering and conspiring to distribute and possess cocaine for intended distribution, violations of 18 U.S.C. §§ 2 and 1956(a)(1) as well as 21 U.S.C. § 846. He was sentenced to 144 months of imprisonment and five years of supervised release. In his § 2255 motion, Gibbs alleged: 1) that his sentence was incorrectly calculated; 2) that his sentence violated double jeopardy; and 3) that he was denied the effective assistance of counsel. The district court denied Gibbs's motion on April 8, 1996, and he now appeals.
 
 
 3
 We review the denial of a § 2255 motion de novo, although the district court's factual findings are examined for clear error. Gall v. United States, 21 F.3d 107, 109 (6th Cir.1994). For Gibbs to prevail, the record must reflect a fundamental defect that resulted in a complete miscarriage of justice or an egregious error that violated due process. See id.
 
 
 4
 In addition, Gibbs must show cause and prejudice that would excuse the failure to raise his first two claims on direct appeal. See Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Although Gibbs argues that his attorney did not raise these claims, he was not denied the effective assistance of counsel in this regard. Gibbs's failure to establish cause independently precludes further review. See Murray v. Carrier, 477 U.S. 478, 488 (1986). Nevertheless, we note that Gibbs was not prejudiced, as his claims lack substantial merit.
 
 
 5
 Gibbs alleged that his sentence was miscalculated because the trial court improperly found that he was responsible for five or more kilograms of cocaine. However, Gibbs signed a plea agreement which indicated that the conspiracy involved the distribution of this much cocaine. Moreover, Gibbs acknowledged at his re-arraignment that he was involved in the distribution of at least five kilograms of cocaine. Finally, Gibbs now concedes that he was responsible for two and one half kilograms of powdered cocaine as well as 28.35 grams of cocaine base, which is equivalent to much more than five kilograms of powdered cocaine. Hence, the trial court did not commit clear error by finding that Gibbs was responsible for at least five kilograms of cocaine, as the record shows that the conspiracy involved that amount of cocaine and that these drugs were known to Gibbs or reasonably foreseeable by him. See United States v. Hodges, 935 F.2d 766, 774 (6th Cir.), cert. denied, 502 U.S. 889 and 915 (1991).
 
 
 6
 Gibbs also alleged that his sentence violated the Double Jeopardy Clause because his property was forfeited in a separate proceeding under 21 U.S.C. § 881. However, such "in rem civil forfeitures are neither 'punishment' nor criminal for purposes of the Double Jeopardy Clause." United States v. Ursery, 116 S.Ct. 2135, 2149 (1996). Thus, the forfeiture of Gibbs's property could not have resulted in a double jeopardy violation.
 
 
 7
 Finally, Gibbs alleged that he was denied the effective assistance of counsel because his attorney did not raise his first two claims. To prevail on this Sixth Amendment claim, Gibbs must show that his attorney's performance was deficient and that he was prejudiced by counsel's alleged errors. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Gibbs has not satisfied either part of this test because his underlying claims are both unavailing.
 
 
 8
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.