NOT FOR PUBLICATION
File Name: 05a0353n.06
Filed: May 4, 2005

No. 02-6441

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| WENDELL RAY NEWMAN, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

**BEFORE: NELSON and MOORE, Circuit Judges, and RESTANI***, Judge.

**PER CURIAM.** This criminal matter has been before us twice previously. Upon direct appeal in United States v. Newman, No. 92-5473, 1993 U.S. App. LEXIS 2256 (6th Cir. Feb. 5, 1993), we affirmed the judgment of the district court. In Newman v. United States, No. 96-6326, 1998 U.S. App. LEXIS 20565 (6th Cir. Aug. 19, 1998), we vacated the dismissal of petitioner Wendell Newman's motion to vacate his sentence under 28 U.S.C. § 2255 and remanded for reconsideration of the motion. Upon reconsideration and after conducting an evidentiary hearing, the district court denied petitioner's motion pursuant to 28 U.S.C. § 2255. United States v. Newman, No. 96-43, slip op. at 7 (E.D. Ky. Oct. 30, 2002). Petitioner has appealed again. We **AFFIRM**.

The essence of petitioner's claim for habeas corpus relief is that he received ineffective

---

* Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

assistance of counsel because of counsel's conflict of interest. Petitioner alleges that his counsel's conflict of interest influenced counsel not to pursue promptly petitioner's request for a plea agreement based on cooperation and that, by the time petitioner cooperated, the information was too stale to result in a substantial reduction in his sentence.

Where an ineffective assistance claim is based on conflict of interest, the claimant must demonstrate the existence of an actual conflict. Cuyler v. Sullivan, 446 U.S. 335, 348 (1980). The claimed conflict of interest was that attorney Daniel Taylor III was a suspect in the planned murder-for-hire of David Lee Slone and that Taylor feared petitioner would reveal Taylor's involvement during discussions with the government. The evidence of conflict that resulted in the original remand to the district court was a statement that in a taped conversation petitioner stated that his attorney was involved in a plot to harm Slone. Upon remand, examination of the tape revealed that petitioner actually said that his attorney told him not to harm Slone, and petitioner testified that the attorney referred to on the tape was not Taylor. A federal law enforcement official found no credible evidence that Taylor was involved in the plot to kill Slone, and Taylor gave a simple denial when asked a question about petitioner's unsubstantiated allegation that Taylor suggested petitioner should kill Slone. The district court did not find petitioner's belated, unsubstantiated allegation credible. Accordingly, there is no basis to find attorney Taylor was pursuing his own interests in connection with any delay in reaching a plea agreement.

The district court did not err in finding that no actual conflict of interest was established. Thus, petitioner was unable to show "a 'fundamental defect' in the proceedings which necessarily result[ed] in a complete miscarriage of justice or an egregious error violative of due

2

process." <u>Gall v. United States</u>, 21 F.3d 107, 109 (6th Cir. 1994) (quoting <u>United States v. Ferguson</u>, 918 F.2d 627, 630 (6th Cir. 1990)).  The absence of an actual conflict makes it unnecessary to discuss the timetable of events or the factual details relating to petitioner's attempt to cooperate.

The district court's denial of petitioner's 28 U.S.C. § 2255 motion is **AFFIRMED**.