NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0768n.06

No. 13-6332

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Oct 08, 2014
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| ELTON NANCE, | ) |
| | ) |
| Petitioner-Appellant, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE WESTERN DISTRICT OF |
| UNITED STATES OF AMERICA, | ) TENNESSEE |
| | ) |
| Respondent-Appellee. | ) |

BEFORE: BOGGS and COOK, Circuit Judges; QUIST, District Judge.*

PER CURIAM. Elton Nance, a federal prisoner, appeals through counsel a district court order denying his motion to vacate sentence, filed pursuant to 28 U.S.C. § 2255.

Nance was convicted in a 2005 jury trial of being a felon in possession of a firearm. The district court sentenced him under the Armed Career Criminal Act to 235 months of imprisonment. We affirmed his conviction on direct appeal. *United States v. Nance*, 481 F.3d 882 (6th Cir. 2007).

The conviction arose out of a search of the house of Nance's co-defendant, Martedis McPhearson. Nance was present at the time of the search. Controlled-substance and weapons charges were filed against both men, but their trials were severed. McPhearson successfully moved to suppress the evidence found in the search, and we affirmed that decision. *United*

---

*The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

*States v. McPhearson*, 469 F.3d 518 (6th Cir. 2006). Nance's attorney did not file a motion to suppress. In this motion to vacate sentence, Nance claimed that his attorney was ineffective in failing to investigate whether Nance had standing to challenge the search and failing to file a motion to suppress, among other claims. The district court referred this issue to a magistrate judge for an evidentiary hearing, and Nance was appointed counsel.

At the hearing, Nance testified that his attorney asked him if he received mail at the house or paid any of the bills. When Nance answered that he did not, he testified that his attorney informed him that he did not have standing to challenge the search. Nance testified that he had researched the issue since his trial and now believed that he did have standing because he stayed overnight at the house several times a week and kept some of his personal possessions there. He testified that he had told his attorney this information but was advised not to mention it. He also testified, however, that he did not tell his attorney this information after he was advised that he lacked standing because he did not receive mail at the house or pay any of the bills. Nance's attorney testified that Nance consistently stated that he had no connection to the house other than visiting his friend and that he should not be held responsible for any of the drugs or weapons found there. Nance's attorney further testified that he was familiar with the requirements to establish standing and would not have advised Nance that the receipt of mail or paying bills were the sole determinative factors.

The magistrate judge found that the attorney's testimony was more credible than Nance's and recommended that the motion to vacate be denied on this ground. Over Nance's objections, the district court adopted this recommendation, and also denied relief on the other claims raised in the motion. The district court issued a certificate of appealability on the issue of whether

counsel was ineffective for failing to file a motion to suppress, and that is the only issue briefed by the parties.

We review de novo a decision denying a motion to vacate sentence, while reviewing the district court's factual findings for clear error. *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994).

Nance argues that he had standing to file a motion to suppress because he kept belongings at the house, stayed overnight occasionally, and ate meals there, citing *United States v. Pollard*, 215 F.3d 643, 647-48 (6th Cir. 2000). He also cites *Northrop v. Trippett*, 265 F.3d 372, 383-85 (6th Cir. 2001), as authority for the proposition that his attorney was ineffective for failing to file a suppression motion. *Northrop* involved a stop and search of a man based only on an anonymous tip. There was no question that the search was invalid and that the defendant had standing, so that case does not provide any direct support for Nance's argument. It was not known until after Nance's trial that the search would be found invalid in his co-defendant's case. Similarly, Nance's reliance on *Sowell v. Anderson*, 663 F.3d 783, 791 (6th Cir. 2011), for the proposition that his attorney should have investigated further, is unavailing. *Sowell* was a death-penalty case in which counsel failed to interview the family members of the defendant for mitigation evidence. There was no similarly obvious need for investigation in this case, where Nance told his attorney that he had no connection to the house. An attorney's decision not to investigate is entitled to deference on review, and is examined in light of the information supplied by the defendant that might influence the decision. *Strickland v. Washington*, 466 U.S. 668, 691 (1984). Here, we find no clear error in the magistrate judge's conclusion that the attorney's testimony was more credible than Nance's. In light of the information that Nance

gave to his attorney, the attorney's decision not to file a motion to suppress was not ineffective assistance.

Accordingly, we affirm the denial of Nance's motion to vacate sentence.